UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>$29,035,500.00 IN ACCOUNT NUMBER )<br>20X6875(06), HELD IN THE NAME OF )<br>U.S. CUSTOMS SUSPENSE ACCOUNT )<br>AT THE FEDERAL RESERVE BANK OF )<br>NEW YORK, WHICH REPRESENTS A )<br>WIRE TRANSFER FROM ACCOUNT )<br>NUMBER 70026, AT BANQUE SCS )<br>ALLIANCE, GENEVA, SWITZERLAND )<br>HELD IN THE NAME OF BLOOMFIELD )<br>INVESTMENTS, LTD. )<br>)<br>$3,241,500.00 IN ACCOUNT NUMBER )<br>00008114, HELD IN THE NAME OF )<br>SEIZED ASSET DEPOSIT FUND AT THE )<br>FEDERAL RESERVE BANK, WHICH )<br>REPRESENTS A WIRE TRANSFER )<br>FROM BANQUE SCS ALLIANCE, )<br>GENEVA, SWITZERLAND, HELD IN )<br>THE NAME OF BLOOMFIELD )<br>INVESTMENTS, LTD. )<br>)<br>Defendants. )<br>) | Civil Action No. 3:01cv01515 (EBB)<br><br>FILED<br>2005 FEB 11  P 3: 26<br>U.S. DISTRICT COURT<br>NEW HAVEN, CT |

RECEIVER-CLAIMANTS' MOTION TO DISMISS CLAIMS OF PEOPLES BENEFIT
LIFE INSURANCE COMPANY, VETERANS LIFE INSURANCE COMPANY, HUFF
COOK, INC., AND SETTLERS LIFE INSURANCE COMPANY

COME NOW GEORGE DALE, Commissioner of Insurance for the State of Mississippi, in his official capacity as Receiver of Franklin Protective Life Insurance Company, Family Guaranty Life Insurance Company, and First National Life Insurance

Company of America, PAULA A. FLOWERS, Commissioner of Commerce and Insurance for the State of Tennessee, in her official capacity as Receiver of Franklin American Life Insurance Company, KIM HOLLAND, Insurance Commissioner for the State of Oklahoma, in her official capacity as Receiver of Farmers and Ranchers Life Insurance Company in Liquidation, MIKE PICKENS, Insurance Commissioner for the State of Arkansas, in his official capacity as Receiver of Old Southwest Life Insurance Company, and DOUGLAS M. OMMEN, Acting Director of the Department of Insurance for the State of Missouri, in his official capacity as Acting Receiver of International Financial Services Life Insurance Company, (collectively, the "Receiver-Claimants") and respectfully move this Court to dismiss the claims of Peoples Benefit Life Insurance Company, Veterans Life Insurance Company, and Huff-Cool, Inc./Settlers Life Insurance Company (hereinafter referred to collectively as "Peoples-Veterans-Settlers") to the Defendant Properties identified as: "$29,035,500.00 in account number 20X6875(06), held in the name of U.S. Customs Suspense Account at the Federal Reserve Bank of New York, which represents a wire transfer from account number 70026, at Banque SCS Alliance, Geneva, Switzerland held in the name of Bloomfield Investments, Ltd. and $3,241,500.00 in account number 00008114, held in the name of seized asset deposit fund at the Federal Reserve Bank, which represents a wire transfer from Banque SCS Alliance, Geneva, Switzerland, held in the name of Bloomfield Investments, Ltd.."

## INTRODUCTION

1. Between March 14, 2003 and March 26, 2003, the Receiver-Claimants submitted their claims, identifying their interests in and rights to the Defendant Properties. The Receiver-Claimants subsequently filed Answers, Affirmative Defenses, Claims *In Rem*, and

-2-

      Counterclaims for Title and Possession. These Answers are incorporated herein as if fully set forth.

2. The Receiver-Claimants claim right and title to and possession of all of the Defendant Properties.

3. On September 17, 2001, Peoples-Veterans-Settlers submitted Verified Statements, identifying their claims to the Defendant Properties. In each of their claims, Peoples-Veterans-Settlers allege that the Defendant Properties belong to Peoples-Veterans-Settlers. VERIFIED STATEMENT OF PEOPLES AND VETERANS AT ¶¶ 10 - 13; VERIFIED STATEMENT OF HUFF-COOK/SETTLERS AT ¶¶ 15 -17. Peoples-Veterans-Settlers's Answers to the allegations contained within the verified Complaint of Forfeiture were filed on October 1, 2001.

## FACTUAL BACKGROUND

4. First National Life Insurance Company of America ("FNL"), Franklin Protective Life Insurance Company ("FPL"), and Family Guaranty Life Insurance Company ("FGL") are life insurance companies domiciled in the State of Mississippi and are subject to regulation by the State of Mississippi Department of Insurance. Farmers and Ranchers Life Insurance Company is a life insurance company domiciled in the State of Oklahoma and subject to regulation by the Oklahoma Department of Insurance ("F&R"). Old Southwest Life Insurance Company is a life insurance company domiciled in the State of Arkansas and is subject to regulation by the Arkansas Insurance Department ("OSL"). International Financial Services Life Insurance Company is a life insurance company domiciled in the State of Missouri and is subject to regulation by the Missouri Insurance Department ("IFS"). Franklin American Life Insurance Company is a life insurance company domiciled in the State of Tennessee and is subject to regulation by the Tennessee Insurance Department ("FAL"). These companies are hereinafter referred to collectively as "the Insurance Companies."

5. Peoples Benefit Life Insurance Company ("Peoples") is an Iowa corporation with its principal place of business in Frazer, Pennsylvania.

6. Veterans Life Insurance Company ("Veterans") is an Illinois corporation with its principal place of business in Frazer, Pennsylvania.

7. Huff Cook, Inc. ("Huff Cook") is a Virginia corporation with its principal place of business in Virginia. According to Huff-Cook, "[a]t all relevant times, Huff Cook, Inc. (then known as the Settlers Companies, Inc.) was the sole shareholder of Settlers Life Insurance Company, a corporation organized as a life insurance company under Virginia law." VERIFIED STATEMENT OF HUFF-COOK/SETTLERS AT ¶ 1.

### Frankel's Scheme to Loot FNL

8. The fraudulent activities of Martin Frankel ("Frankel") and others caused each of the Insurance Companies to be placed under court-ordered liquidation. The Defendant Properties are assets or the proceeds of monies and/or assets belonging to the Insurance Companies.

### The Reinsurance Agreements Between Peoples-Veterans-Settlers and FNL

9. Peoples and Veterans entered into reinsurance agreements with FNL in late 1998 and early 1999. VERIFIED STATEMENT OF PEOPLES AND VETERANS AT ¶ 4. SEE ALSO EXHIBIT A, PETITION FOR DECLARATORY RELIEF, AT ¶¶ 48-49. Settlers entered into a reinsurance agreement with FNL in April 1999. VERIFIED STATEMENT OF HUFF-COOK/SETTLERS AT ¶ 6. SEE ALSO EXHIBIT A AT ¶¶ 21, 23. Pursuant to these agreements, FNL was initially to reimburse Peoples, Veterans, and Settlers for policyholder claims made under the specified insurance policies. EXHIBIT A AT EXHIBITS 1 AND 2. All the reinsurance agreements contemplated that, at a later date, FNL would assume the blocks of insurance business as its own, subject to obtaining approval to do so from the Mississippi Department of Insurance. ID. None of the reinsurance

—4—

agreements contain a provision that ends the reinsurance agreements if approval was not forthcoming from the Mississippi Department of Insurance. ID.

10. As consideration for their reinsurance agreements, Peoples and Veterans paid FNL $14,689,593. VERIFIED STATEMENT OF PEOPLES AND VETERANS AT ¶ 4. This amount was transferred into FNL's general account over a period of time in November 1998 and early 1999. ID. AT ¶ 6. A few months later, in April 1999, Settlers transferred $44,795,000 into FNL's general account in consideration for its reinsurance agreement with FNL. VERIFIED STATEMENT OF PEOPLES AND VETERANS AT ¶ 8. This money was transferred with no limitations on its use. SEE EXHIBIT A AT EXHIBITS 1, 2.

## MOTION TO DISMISS

### Peoples-Veterans-Settlers's Claims to the Defendant Properties Should Be Dismissed Pursuant to the Principles of *Res Judicata*, Estoppel by Judgment, Claim Preclusion, and Issue Preclusion

11. The claims asserted by Peoples-Veterans-Settlers against the Defendant Properties are barred by the principles of *res judicata*. In addition, the principles of estoppel by judgment, claim preclusion, and issue preclusion mandate the dismissal of Peoples-Veterans-Settlers's claims.

### Mississippi State Court Liquidation Proceedngs

12. Peoples-Veterans-Settlers filed claims in FNL's Liquidation Estate for the amounts they paid to FNL for reinsurance. SEE EXHIBIT A AT ¶¶ 97-100. The Liquidation Estate accepted and classified the claims as Class 6 priority which, pursuant to Miss. Code Ann. §83-24-83(b), covers claims of ceding insurance companies. ID. Despite having made claims in the Liquidation Estate proceedings, Peoples-Veterans-Settlers also sought to compete with FNL and the other insurance companies for the Insurance Companies' assets, including the Defendant Properties at issue in this action.

–5–

13. Peoples-Veterans-Settlers filed a Petition for Declaratory Relief in FNL's Mississippi liquidation estate, asserting "ownership rights" to the Defendant Properties, as well as those defendant properties in other pending forfeiture actions. SEE EXHIBIT A AT ¶¶ 15, 16 32, 39-40, 42, 43-46, 62, 68-69, 78, 88. Peoples-Veterans-Settlers filed a Petition in the Chancery Court of the First Judicial District of Hinds County, Mississippi ("Chancery Court"), where the liquidation estate is pending. The Chancery Court rejected Peoples-Veterans-Settlers's request for declaratory relief and granted a final judgment to George Dale, Commissioner of Insurance for the State of Mississippi, in his official capacity as Receiver of FNL. In its ruling, the Chancery Court dismissed Peoples-Veterans-Settlers's Petition and found, as a matter of law, that Peoples-Veterans-Settlers's direct claim for the Defendant Properties, which is the same as asserted here, was precluded by the comprehensive nature of Mississippi's Insurers Rehabilitation and Liquidation Act. SEE EXHIBIT B, FEBRUARY 4, 2004 ORDER. The Chancery Court determined that Peoples-Veterans-Settlers are no different than any other claimants to the FNL Liquidation Estate and therefore subject to the Insurers Rehabilitation and Liquidation Act. ID. Despite this ruling, Peoples-Veterans-Settlers continue to assert their claims that they are entitled to the Defendant Properties. As a matter of law, however, these claims should be dismissed.

14. The February 4, 2004 ruling of the Chancery Court for the First Judicial District of Hinds County, Mississippi is *res judicata* and bars the claims made by Peoples-Veterans-Settlers to the Defendant Properties. Therefore, their claims should be dismissed.

15. The right of Peoples-Veterans-Settlers to claim the Defendant Properties in this action has already been judicially decided adverse to Peoples-Veterans-Settlers. Peoples-Veterans-Settlers's claim for the Defendant Properties constitute a collateral attack on the judgment of the Chancery Court.

–6–

16. The judgment of February 4, 2004 precludes Peoples-Veterans-Settlers from relitigating the claims and issues asserted by them in this action. The claims and issues presented by Peoples-Veterans-Settlers in this action have already been decided adversely to Peoples-Veterans-Settlers by a court with jurisdiction over Peoples-Veterans-Settlers and their claims and issues. Peoples-Veterans-Settlers are estopped from proceeding with their claims in this action by the judgment of the Chancery Court.

### The Claims Asserted by Peoples-Veterans-Settlers to the Defendant Properties Should Be Dismissed as They must Be Resolved by the Liquidation Court

17. Even if the ruling of the Chancery Court was not *res judicata* to the claims of Peoples-Veterans-Settlers in this action, the legal basis for that ruling applies here. As a matter of law, the only manner in which Peoples-Veterans-Settlers can seek to recover any of the money they sent to FNL for reinsurance is through FNL's Liquidation Estate. Therefore, their claims for the Defendant Properties should be dismissed.

### Since Mississippi's Insurers Rehabilitation and Liquidation Act Is Comprehensive and Since Peoples-Veterans-Settlers Is Asserting a Claim Against FNL, the Statutory Claims Process Is Peoples-Veterans-Settlers's Exclusive Remedy

18. As part of their regulatory systems governing insurance matters, almost all of the states, including Mississippi, have legislatively adopted uniform systems to administer rehabilitation and liquidation of insurers in financial distress or insolvency. *See* MISS. CODE ANN. §§ 83-24-1, *et seq.* ("Insurers Rehabilitation and Liquidation Act").

19. When the Mississippi Legislature adopted the Insurers Rehabilitation & Liquidation Act, it created a statutory scheme for the handling of financially troubled insurance companies that it called "comprehensive." MISS. CODE ANN. § 83-24-3. The purpose of the Insurers Rehabilitation & Liquidation Act is to "protect insureds, claimants, creditors and the general

public." *Id.*

20. Under the Insurers Rehabilitation & Liquidation Act, a "'Creditor' is a person having **any claim . . . .**" MISS. CODE ANN. § 83-24-7(c) (emphasis added). The definition of who a creditor is under the Insurers Rehabilitation & Liquidation Act can be no clearer: any person having any claim.

21. Peoples-Veterans-Settlers **claim** that they are entitled to money they willingly transferred into FNL's general account. VERIFIED STATEMENT OF PEOPLES AND VETERANS AT ¶ 6; VERIFIED STATEMENT OF HUFF-COOK/SETTLERS AT ¶ 8. SEE ALSO EXHIBIT A. The plain meaning of the Insurers Rehabilitation & Liquidation Act establishes that Peoples-Veterans-Settlers are creditors to FNL.

22. Under § 83-24-83 of the Mississippi Code, "[c]laims of general creditors including claims of ceding and assuming companies in their capacity as such" fall into Class 6 in the distribution priority scheme. MISS. CODE ANN. § 83-24-83(6). The claims asserted by Peoples-Veterans-Settlers are based on events in which Peoples-Veterans-Settlers were ceding insurers. As determined by the FNL Liquidation Estate and the Chancery Court, Peoples-Veterans-Settlers are Class 6 claimants. Disgruntled with this priority class, Peoples-Veterans-Settlers assert their claims to the Defendant Properties without consideration to the statutory claim payment process.

23. Peoples-Veterans-Settlers' claims must be dismissed because Mississippi's Insurers Rehabilitation and Liquidation Act is the exclusive scheme for determination of the priority and payment of claims in FNL's liquidation proceeding.

### Alternatively, the Receiver-Claimants Assert a Cross-Claim for Declaratory Judgment Against Peoples-Veterans-Settlers

24. If this Court declines to dismiss Peoples-Veterans-Settlers's claims to the Defendant

–8–

Properties, the Receiver-Claimants' assert a cross-claim against Peoples-Veterans-Settlers, whereby the Receiver-Claimants seek a declaratory judgment from this Court, establishing that Peoples-Veterans-Settlers have no legal basis for their assertions of ownership.

## CONCLUSION

25. By continuing to assert their claim that they are entitled to the Defendant Properties, Peoples-Veterans-Settlers ignore the ruling of the Mississippi Chancery Court and ignore the plain language of the Insurers Rehabilitation & Liquidation Act. Ignoring these realities does not render the claims asserted by Peoples-Veterans-Settlers to the Defendant Properties legally valid. As a result, this Court should dismiss Peoples-Veterans-Settlers's claims to the Defendant Properties.

26. In the alternative, the Receiver-Claimants assert a cross-claim against Peoples-Veterans-Settlers, whereby the Receiver-Claimants seek a declaratory judgment from this Court, limiting Peoples-Veterans-Settlers's relief to that relief they can obtain as claimants in the FNL Liquidation Estate.

WHEREFORE, the Receiver-Claimants respectfully request that this Honorable Court enter its judgment declaring:

   a. That Peoples-Veterans-Settlers's claims to the Defendant Properties are dismissed and that their Answers are stricken;

   b. That Peoples-Veterans-Settlers's only recourse against FNL is through the Liquidation Estate;

   c. That the Receiver-Claimants have full and unencumbered title to and interest in, and sole right to possess, the Defendant properties;

   d. That full and unencumbered title to and possession of the Defendant properties be awarded to the Receiver-Claimants;

and

Charles G. Copeland   (MS Bar #6516)
Rebecca Jordan           (MS Bar #99611)
COPELAND, COOK, TAYLOR & BUSH, P.A.
P.O. Box 6020
Ridgeland, Mississippi 39158
Telephone:   (601) 856-7200
Facsimile:    (601) 856-7626

Counsel for
GEORGE DALE, Commissioner of Insurance for the State of Mississippi, in his official capacity as Receiver of FRANKLIN PROTECTIVE LIFE INSURANCE COMPANY, FAMILY GUARANTY LIFE INSURANCE COMPANY, and FIRST NATIONAL LIFE INSURANCE COMPANY OF AMERICA

and

Andrew B. Campbell (TN 14258, CT Fed. 21433)
Graham Matherne, Esq.
WYATT, TARRANT & COMBS, LLP
2525 West End Avenue, Suite 1500
Nashville, Tennessee  37203-1423
Telephone:   (615) 244-0020
Facsimile:    (615) 251-6661

Counsel for
PAULA A. FLOWERS, Commissioner of Commerce and Insurance for the State of Tennessee, in her official capacity as Receiver of FRANKLIN AMERICAN LIFE INSURANCE COMPANY

and

Susan B. Loving, Esq.
LESTER, LOVING AND DAVIES
1701 South Kelly
Edmond, Oklahoma 73013
Telephone:   (405) 844-9900
Facsimile:    (405) 844-9958

Counsel for
KIM HOLLAND, Insurance Commissioner for the State of Oklahoma, in her official capacity as Receiver of

–11–

FARMERS AND RANCHERS LIFE INSURANCE COMPANY

and

Steve A. Uhrynowycz, Esq.
Arkansas Insurance Department
Liquidation Division
1023 West Capitol Avenue
Little Rock, Arkansas 72201
Telephone:   (501) 371-2776
Facsimile:   (501) 374-0101

Counsel for
MIKE PICKENS, Insurance Commissioner for the State of Arkansas, in his official capacity as Receiver of OLD SOUTHWEST LIFE INSURANCE COMPANY

Attorneys for the Receiver-Claimants

–12–