IN THE CHANCERY COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

GEORGE DALE, COMMISSIONER OF
INSURANCE OF THE STATE OF MISSISSIPPI                               PLAINTIFF

VS.                                                      CAUSE NO. G-99-908 S/2

FIRST NATIONAL LIFE INSURANCE COMPANY
OF AMERICA, A MISSISSIPPI DOMICILED
INSURANCE COMPANY                                                   DEFENDANT

ATTEST A TRUE COPY
FILED
FEB 0 4 2004
EDDIE JEAN CARR, CHANCERY CLERK

HUFF-COOK, INC., PEOPLES BENEFIT LIFE
INSURANCE COMPANY, and VETERANS LIFE
INSURANCE COMPANY                                                   PETITIONERS

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

THIS CAUSE is before the Court on Plaintiff's Motion for Judgment on the Pleadings as to the Declaratory Petition filed by Petitioners. The Court held hearing on this matter, and in accordance with Rule 12(c) shall treat the motion as one for Summary Judgment pursuant to Rule 56 of the Mississippi Rules of Civil Procedure. After careful consideration, this Court finds that there are no genuine issues of material fact in this cause that may result in "triable issues" as to the Petition. See *Great Southern Nat'l Bank v. Minter*, 590 So. 2d 129, 135 (Miss. 1991). Similarly, this Court, in viewing the facts and inferences in the light most favorable to the Petitioners, can unequivocally find that Plaintiff is entitled to prevail as a matter of law.

From approximately 1991 until 1999, Martin Frankel, John Hackney, Gary Atnip and others executed a scheme to defraud companies out of hundreds of millions of dollars. The fraudulent scheme included the use of various corporations and corporate entities and focused primarily on ostensibly investing the assets of certain insurance companies. In

truth, Frankel, Hackney and Atnip, through various companies, systematically drained the assets of the insurance companies through various transfers into and out of numerous domestic and international accounts. Each of the Petitioners were among those defrauded. Petitioners entered into reinsurance agreements with First National Life Insurance Company and assert that certain property included in the insurance liquidation estate can be traced directly to their investments and are therefore impressed with a constructive or other equitable trust in their favor.

A party opposing summary judgment may not rest on mere allegations or denials in a pleading; instead, the response to a motion for summary judgment must include affidavits or other evidence which set forth specific facts showing a genuine issue remains for trial. Absent such a response, summary judgment will be entered. *Franklin v. Thompson*, 722 So. 2d 688, 692 (Miss. 1998) (quoting *Brown v. Credit Center, Inc.*, 444 So. 2d 358, 364 (Miss. 1983)). In the matter at hand, Petitioners have not provided any specific facts which show that a genuine issue remains for trial as to this issue. Petitioners assert that the question of whether the subject funds are a part of the insurance liquidation estate is a genuine issue of material fact. Clearly, however, the determination of whether a constructive trust has arisen is a purely legal question. Therefore, the Court specifically finds that no genuine issues of material fact exists and all that remains to be tried are purely legal issues. The Court further finds that taking all Petitioners' allegations of fact as true, Plaintiff is still entitled to judgment as a matter of law.

Mississippi has specific insurance liquidation statutes. Those statutes set forth the only relevant priorities of claims from an insurance liquidation estate, and the Petitioners must adhere to that priority scheme just as any other claimants to the FNL liquidation estate.

Petitioners have not set out any facts which would distinguish themselves in any way from any other claimants to the FNL estate. Petitioners cite numerous bankruptcy cases to support their theory of constructive trust. However, bankruptcy proceedings and insurance liquidation proceedings are clearly distinguishable and operate under their own sets of clearly defined rules. The Court finds wisdom in the holding of the United States Court of Appeals for the Second Circuit that Petitioners' claim of constructive trust was "indirect and contingent, and therefore not cognizable." *United States v. Peoples Benefit Life Ins. Co.*, 271 F.3d 411 (2d Cir. 2001). The Second Circuit further noted the importance of maintaining the effectiveness of state receivership laws. The Court finds that the theory of constructive trust does not apply in this case and that Petitioners are subject to the priorities scheme detailed in the Mississippi insurance liquidation statutes.

Mississippi law is clear that Summary Judgment should be granted cautiously. *Brown v. Credit Center, Inc.*, 444 So. 2d 358 (Miss. 1987). In fact, our Mississippi Supreme Court has stated that all summary judgment motions should be viewed with great skepticism and that the trial court should err on the side of denying the motion. *Daniels v. GNB, Inc.*, 629 So. 2d 595 (Miss. 1993). However, after cautiously considering the motion in this cause, this Court finds that the strict standard for Summary Judgment has been met. Therefore, Plaintiff's Motion for Summary Judgment pursuant to Rule 56 of the Mississippi Rules of Civil Procedure is hereby granted.

SO ORDERED, ADJUDGED, AND DECREED THIS the 3rd day of February, 2004.

_____
CHANCELLOR WILLIAM HALE SINGLETARY