## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 3:01cv01515 (EBB)** |
| ) | |
| **$29,035,500.00 IN ACCOUNT** ) | |
| **NUMBER 20X6875(06), HELD IN THE** ) | |
| **NAME OF U.S. CUSTOMS SUSPENSE** ) | |
| **ACCOUNT AT THE FEDERAL RESERVE** ) | |
| **BANK OF NEW YORK, WHICH** ) | |
| **REPRESENTS A WIRE TRANSFER** ) | |
| **FROM ACCOUNT NUMBER 70026, AT** ) | |
| **BANQUE SCS ALLIANCE, GENEVA,** ) | |
| **SWITZERLAND HELD IN THE NAME** ) | |
| **OF BLOOMFIELD INVESTMENTS, LTD.** ) | |
| ) | |
| **$3,241,500.00 IN ACCOUNT NUMBER** ) | |
| **00008114, HELD IN THE NAME OF** ) | |
| **SEIZED ASSET DEPOSIT FUND AT THE** ) | |
| **FEDERAL RESERVE BANK, WHICH** ) | |
| **REPRESENTS A WIRE TRANSFER** ) | |
| **FROM BANQUE SCS ALLIANCE,** ) | |
| **GENEVA, SWITZERLAND, HELD IN** ) | |
| **THE NAME OF BLOOMFIELD** ) | |
| **INVESTMENTS, LTD.** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

---

### RECEIVER-CLAIMANTS' MOTION FOR PROTECTIVE ORDER STAYING CERTAIN DISCOVERY PENDING RESOLUTION OF RECEIVER-CLAIMANTS' MOTION TO DISMISS CLAIMS OF PEOPLES BENEFIT LIFE INSURANCE COMPANY, VETERANS LIFE INSURANCE COMPANY, HUFF COOK, INC., AND SETTLERS LIFE INSURANCE COMPANY

---

**ORAL ARGUMENT REQUESTED**

COME NOW GEORGE DALE, Commissioner of Insurance for the State of Mississippi,

in his official capacity as Receiver of Franklin Protective Life Insurance Company, Family Guaranty Life Insurance Company, and First National Life Insurance Company of America, PAULA A. FLOWERS, Commissioner of Commerce and Insurance for the State of Tennessee, in her official capacity as Receiver of Franklin American Life Insurance Company, KIM HOLLAND, Insurance Commissioner for the State of Oklahoma, in her official capacity as Receiver of Farmers and Ranchers Life Insurance Company in Liquidation, MIKE PICKENS, Insurance Commissioner for the State of Arkansas, in his official capacity as Receiver of Old Southwest Life Insurance Company, and DOUGLAS M. OMMEN, Acting Director of the Department of Insurance for the State of Missouri, in his official capacity as Acting Receiver of International Financial Services Life Insurance Company, (collectively, the "Receiver-Claimants") and, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, respectfully move this Court to enter a protective order staying all discovery between the Receiver-Claimants and Claimants Peoples Benefit Life Insurance Company, Veterans Life Insurance Company, and Huff-Cook, Inc./Settlers Life Insurance Company (collectively, "Peoples-Veterans-Settlers") pending the resolution of the Receiver-Claimants' Motion to Dismiss. In support of this motion, the Receiver-Claimants would show unto this Court the following:

1.      On February 8, 2005, Peoples-Veterans-Settlers served the Receiver-Claimants with Requests for Production of Documents and Requests for Admissions. The Receiver-Claimants' responses are due on or about March 14, 2005.


2.      On February 11, 2005, the Receiver-Claimants filed a Motion to Dismiss the claims

that Peoples-Veterans-Settlers have asserted to the Defendant Properties. The Receiver-Claimants incorporate herein by reference their Motion to Dismiss.

3.  All discovery between the Receiver-Claimants and Peoples-Veterans-Settlers, including the previously-served discovery, should be stayed until this Court rules upon the Receiver-Claimants' Motion to Dismiss.

4.  The Receiver-Claimants' Motion to Dismiss addresses the threshold question of whether the claims asserted by Peoples-Veterans-Settlers to the Defendant Properties are legally valid. The Chancery Court for the First Judicial District of Hinds County, Mississippi ("Chancery Court") has already decided this issue as between these parties. On February 3, 2004, the Chancery Court ruled that Peoples-Veterans-Settlers must submit their claims to the same assets subject to this forfeiture proceeding through the process provided for by Mississippi law.[1] A copy of the Chancery Court's decision is attached to the Motion to Dismiss.

5.  Under Rule 26, this Court has broad discretion to grant a protective order to stay discovery pending the determination of a dispositive motion. FED. R. CIV. P. 26(c) (2004) and *Transunion Corp. v. Pepsico, Inc.*, 811 F.2d 127, 130 (2d Cir. 1987). *See also In re Currency Conversion Fee Antitrust Litigation*, No. MDL 1409, M21-95,

---

[1] The Chancery Court is administering the liquidation estate for First National Life Insurance Company of America ("FNL"), an insolvent insurance company with which Peoples-Veterans-Settlers entered into reinsurance contracts. Peoples-Veterans-Settlers have asserted claims within FNL's liquidation estate.

2002 WL 88278, *1 (S.D.N.Y. Jan. 22, 2002) (noting that "district courts have discretion to stay discovery for 'good cause' pending resolution of a motion to dismiss."). Discovery should be stayed in instances "when there are no factual issues in need of further immediate exploration, and the issues before the Court are purely questions of law that are potentially dispositive . . . ." *Hachette Distribution, Inc. v. Hudson County News Co., Inc.*, 136 F.R.D. 356, 358 (E.D.N.Y. 1991). Due to the legal basis of the arguments presented by the Receiver-Claimants' in their Motion to Dismiss and the lack of relevant factual issues, a stay of discovery in this case is warranted.

6.    The claims asserted by Peoples-Veterans-Settlers against the Defendant Properties are barred by the principles of *res judicata*. In addition, the principles of estoppel by judgment, claim preclusion, and issue preclusion mandate the dismissal of Peoples-Veterans-Settlers's claims. Since these are threshold legal issues that may be decided without discovery, all discovery between Peoples-Veterans-Settlers and the Receiver-Claimants should be stayed pending this Court's resolution of the Motion to Dismiss.

7.    Even if Peoples-Veterans-Settlers's claims were not barred by the Chancery Court's ruling, the legal principles for that ruling apply here. As a matter of law, Peoples-Veterans-Settlers must seek recovery of any of the money they sent to FNL for reinsurance through FNL's Liquidation Estate. This is another legal issue which may be addressed without the need for discovery.

8.    The Receiver-Claimants' Motion to Dismiss presents this Court with legal questions

that turn upon the application of the principles of *res judicata*, estoppel by judgment, claim preclusion, and issue preclusion as well as the exclusive jurisdiction of the Chancery Court pursuant to Mississippi's Insurers Rehabilitation and Liquidation Act.  MISS. CODE ANN. ' ' 83-24-1 *et seq.*  Since these determinations may be made as a matter of law, it is a waste of the insolvent insurance companies' limited resources to require the Receiver-Claimants to respond to the discovery from Peoples-Veterans-Settlers before the Motion to Dismiss has been decided.

9.    Peoples-Veterans-Settlers have repeatedly attempted to circumvent Mississippi's Insurers Rehabilitation and Liquidation Act.  For example, this Court denied Peoples-Veterans-Settlers's attempt to intervene in a companion forfeiture action, finding that Peoples-Veterans-Settlers had no direct interest in the assets.  *United States v. $11,014,165.20 in U.S. Currency et al.*, Civil No. 3:99cv02589.  Each court where Peoples-Veterans-Settlers have asserted their alleged claims to properties such as the Defendant Properties has recognized that Peoples-Veterans-Settlers's claims can only be asserted in the liquidation estate through Mississippi's Insurers Rehabilitation and Liquidation Act.  *United States v. Peoples Benefit Life Ins. Co.*, 271 F.3d 411 (2d Cir. 2001);  *Huff Cook, Inc. v. George Dale*, No. 1:99 cv00109 (W.D. Va. March 29, 2001);  and *Peoples Benefit Life Ins. Co. v. Dale*, No. CIV.A. 3:99-CV-537BN, 1999 WL 33545578 (S.D. Miss. Dec. 29, 1999).  The Chancery Court, as noted previously, ruled that Peoples-Veterans-Settlers must submit their claims against FNL through the statutory claims process.  Despite this, Peoples-Veterans-Settlers have continued to press forward with their claims to the Defendant

Properties.

10.   The purpose of discovery is find information relevant to the specific practices or acts
      that are at issue.  Based on the threshold legal issue of whether Peoples-Veterans-
      Settlers's claims to the Defendant Properties may even be presented in this Court,
      neither justice nor judicial economy is served by requiring the Receiver-Claimants to
      answer the lengthy discovery requests served by Peoples-Veterans-Settlers.  If this
      Court decides that the Receiver-Claimants' legal position is correct, then Peoples-
      Veterans-Settlers's claims to the Defendant Properties must be dismissed and the
      expense and burden of discovery between these parties will be avoided.

11.   Based on the threshold legal issues presented by the Receiver-Claimants' pending
      Motion to Dismiss, the Receiver-Claimants respectfully requests that this Court stay
      discovery until such time that it rules upon the Motion to Dismiss.

WHEREFORE, PREMISES CONSIDERED, the Receiver-Claimants respectfully request
that this Court issue a protective order, staying all discovery between the Receiver-
Claimants and Peoples-Veterans-Settlers until such time that the Receiver-Claimants'
pending Motion to Dismiss is ruled upon by this Court.

Respectfully submitted, this the 25th day of February 2005.

/S/ JAMES A. LENES
James A. Lenes, Esq. (ct10408)
Neubert, Pepe & Monteith, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510-2026
Telephone:    (203) 821-2000
Facsimile:    (203) 821-2009

Of Counsel

Alan F. Curley
C. Philip Curley
Cynthia H. Hyndman
ROBINSON CURLEY & CLAYTON, P.C.
300 South Wacker Drive, Suite 1700
Chicago, Illinois 60606
Telephone:    (312) 663-3100
and

Douglas J. Schmidt       (MO Bar #34266)
Terrance M. Summers      (MO Bar #38319)
Patrick A. McInerney     (MO Bar #37638)
Tessa K. Jacob           (MO Bar #44708)
Blackwell Sanders Peper Martin LLP
4801 Main, Suite 1000
Kansas City, Missouri 64112
Telephone:   (816) 983-8000
Facsimile:   (816) 983-8080

Counsel for
DOUGLAS M. OMMEN, Acting Director of the
Department of Insurance for the State of
Missouri, in his official capacity as Acting
Receiver of INTERNATIONAL FINANCIAL
SERVICES LIFE INSURANCE COMPANY

and

Charles G. Copeland      (MS Bar #6516)
Rebecca Blunden          (MS Bar #99611)

7

COPELAND, COOK, TAYLOR & BUSH, P.A.
P.O. Box 6020
Ridgeland, Mississippi 39158
Telephone:    (601) 856-7200
Facsimile:    (601) 856-7626

Counsel for
GEORGE DALE, Commissioner of Insurance for
the State of Mississippi, in his official capacity as
Receiver of FRANKLIN PROTECTIVE LIFE
INSURANCE COMPANY, FAMILY GUARANTY
LIFE INSURANCE COMPANY, and FIRST
NATIONAL LIFE INSURANCE COMPANY OF
AMERICA

and

Andrew B. Campbell (TN 14258, CT Fed. 21433)
Graham Matherne, Esq.
WYATT, TARRANT & COMBS, LLP
2525 West End Avenue, Suite 1500
Nashville, Tennessee  37203-1423
Telephone:    (615) 244-0020
Facsimile:    (615) 251-6661

Counsel for
PAULA  A.  FLOWERS,  Commissioner  of
Commerce  and  Insurance  for  the  State  of
Tennessee, in her official capacity as Receiver of
FRANKLIN  AMERICAN  LIFE  INSURANCE
COMPANY

and

Susan B. Loving, Esq.
LESTER, LOVING AND DAVIES
1701 South Kelly
Edmond, Oklahoma 73013
Telephone:    (405) 844-9900
Facsimile:    (405) 844-9958

Counsel for

KIM HOLLAND, Insurance Commissioner for the State of Oklahoma, in her official capacity as Receiver of FARMERS AND RANCHERS LIFE INSURANCE COMPANY

and

Steve A. Uhrynowycz, Esq.
Arkansas Insurance Department
Liquidation Division
1023 West Capitol Avenue, Suite 2
Little Rock, Arkansas 72201
Telephone:   (501) 371-2776
Facsimile:    (501) 374-0101

Counsel for
MIKE PICKENS, Insurance Commissioner for the State of Arkansas, in his official capacity as Receiver of OLD SOUTHWEST LIFE INSURANCE COMPANY

Attorneys for the Receiver-Claimants

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served by U.S.

Mail, first class postage pre-paid, to the following:

John B. Hughes, Esq.                     Forrest B. Lammiman
David X. Sullivan, Esq.                  Lord, Bissell & Brook
Julie Turbert, Esq.                      115 S. LaSalle Street
United States Attorney's Office          Chicago, Illinois 60603
P.O. Box 1824
New Haven, Connecticut  06508


THIS the 25th day of February 2005.


<u>/s/ James A. Lenes</u>
James A. Lenes, Esq. (ct0408)
Neubert, Pepe & Monteith, P.C.