# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

      Plaintiff,

v.                                                                  Civil No. 3:01 CV 1515 (EBB)

$29,035,500 IN ACCOUNT NUMBER 20X6875(06), HELD IN THE NAME OF U.S. CUSTOMS SUSPENSE ACCOUNT AT THE FEDERAL RESERVE BANK OF NEW YORK, et al.

      Defendants.

------------

UNITED STATES OF AMERICA

      Plaintiff,

v.                                                                  Civil No. 3:02 CV 889 (EBB)

277 DIAMONDS VALUED AT APPROXIMATELY $2,461,093.00, et al.

      Defendants.

## MOTION FOR LIMITED ABSTENTION PENDING A RULING ON THE STATE LAW QUESTION BY THE MISSISSIPPI SUPREME COURT

Huff-Cook, Inc. ("Settlers"), Peoples Benefit Life Insurance Company ("Peoples") and Veterans Life Insurance Company ("Veterans") respectfully ask this Court to stay any ruling on the Receiver-Claimants' Motion to Dismiss Claims of Peoples Benefit Life Insurance Company, Veterans Life Insurance Company, Huff-Cook, Inc. and Settlers Life Insurance Company ("Motion to Dismiss") pending resolution of the state law issue pending before the Mississippi Supreme Court and set for oral argument on April 5, 2004. In support of their Motion, Settlers, Peoples and Veterans state as follows:

**Oral Argument Requested**

1. On December 10, 2004, the Receivers asked this Court to try the dispute between the Receivers and Settlers, Peoples and Veterans regarding who is the rightful owner of the forfeited assets. With the help of the United States Attorney's office, all parties agreed to a scheduling order. This matter is set for trial on September 8, 2005.

2. The Receivers now argue, however, on the eve of oral argument before the Mississippi Supreme Court about the central issue of state law pertinent to their disputes with Settlers, Peoples and Veterans, that this Court should give preclusive effect to the ruling of the lower court in Mississippi rather than wait for an authoritative decision from that state's supreme court. The Receivers now ask for this relief more than one year after the lower court in Mississippi ruled on February 3, 2004, that a constructive trust claim cannot be asserted against an insolvent insurer's receiver under Mississippi law. Settlers, Peoples and Veterans respectfully request, however, that this Court stay its hand for a brief time, until the Mississippi Supreme Court has ruled on the key state law issue.

3. The Receivers' Motion to Dismiss asserts the affirmative defense of *res judicata* based on a judgment in the Chancery Court of Hinds County Mississippi. As this Court knows, Settlers, Peoples and Veterans have appealed that decision. The Mississippi Supreme Court has accepted the appeal, the matter is fully briefed and is set for oral argument on April 5, 2005. A definitive ruling on the state law question of whether a victim of a fraudulently induced transaction perpetrated by an insolvent insurance company can recover its property through a constructive trust will therefore be settled shortly. The decision in the Mississippi Supreme Court will render the Receivers' Motion to Dismiss moot.

4. Furthermore, this Court is the most appropriate, and in fact only forum, for adjudicating all of the competing claims to the forfeited funds under its jurisdiction. In the

interests of judicial economy, this Court should stay any ruling on the Receivers' Motion to Dismiss. *See Arizonians for Official English v. Arizona,* 520 U.S. 43, 79 (1997) (certification of unsettled questions of state law or staying proceedings while an appeal was pending before the state supreme court rather than abstaining or dismissing a case was advisable); *Fornaris v. Ridge Tool Co.,* 400 U.S. 41, 44, 91 S.Ct. 156, 158 (1970) *(per curiam)* (directing District Court to "hold its hand until the Puerto Rican Supreme Court has authoritatively ruled on the local law question in light of the federal claims") (footnote omitted)); *United Gas Pipe Line Co. v. Ideal Cement Co.,* 369 U.S. 134, 135-136, 82 S.Ct. 676, 677 (1962) *(per curiam)* ("Wise judicial administration in this case counsels that decision of the federal question be deferred until the potentially controlling state-law issue is authoritatively put to rest"); *Clay v. Sun Ins. Office Ltd.,* 363 U.S. 207, 212, 80 S.Ct. 1222, 1225-1226 (1960) (approving "postponement of decision")

5. Federal courts generally have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 1246 (1976). However, in certain "exceptional circumstances," a federal court may defer to a concurrent state court proceeding in the interests of "'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Id.* (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.,* 342 U.S. 180, 183, 72 S.Ct. 219, 221 (1952)).

6. The question presented to the Mississippi Supreme Court is a matter of first impression under the Mississippi Insurers Rehabilitation and Liquidation Act (Miss. Code. § 83-24-1 *et seq.):* "Did the Chancery Court err as a matter of law in holding that the Petitioners, concededly victims of a fraud perpetrated by a failed insurance company and who can trace their property to funds held in forfeiture proceedings, cannot recover their property through a

constructive trust?" (*See* Petitioners' Brief in Support of Their Appeal, a copy of which is attached as Exhibit 5 to the Memorandum in Opposition to the Receivers' Motion to Dismiss and in Support of the Motion for Limited Abstention Pending a Ruling on the State Law Question by the Mississippi Supreme Court.) Although this issue is one of first impression, if the Mississippi Supreme Court answers the question in the affirmative, the application of state property law relating to constructive trusts to determine the rightful owner of the forfeited funds is a straightforward matter upon which this Court can easily rule. A temporary stay on this state law issue pending the appeal is therefore warranted:

> *Colorado River has* special appeal where a state court decision "may substantially, perhaps even fully, answer certain questions of state law in a way that will permit easy answers, relatively speaking, to the federal ones."

*Currie v. Group Ins. Commission,* 290 F.3d 1, 11 (1st Cir. 2002) (citation omitted). The Court should therefore stay its ruling on the Receivers' Motion to Dismiss pending the outcome of the Mississippi appeal.

7.  If the Mississippi Supreme Court affirms the grant of summary judgment against Settlers, Peoples and Veterans, it would then be an appropriate time to address the Receiver's Motion to Dismiss. However, if the Mississippi Supreme Court reverses and holds that Settlers, Peoples and Veterans can recover their property through a constructive trust, this Court would apply that legal rule to the facts developed here. If Settlers, Peoples and Veterans had been prematurely dismissed, the Court would need to vacate its dismissal order and re-open discovery to allow Settlers, Peoples and Veterans to obtain documents and information necessary to present their claims, all of which would likely result in a delay of any trial on the merits. If this Court were to distribute the forfeited assets to the various Receivers, Settlers, Peoples and Veterans could be forced to re-litigate their constructive trust claims in each of the seven state court receivership proceedings, and in fact, the funds at issue could be impossible to retrieve.

8.    The best use of judicial resources and the best way to achieve a comprehensive, efficient disposition of litigation is to stay any ruling on the Receivers' Motion to Dismiss and allow this case to proceed under the December 16, 2004 Scheduling Order pending a ruling in the Mississippi appeal.

WHEREFORE, Settlers, Peoples and Veterans respectfully request that this Court enter and order staying any ruling on the Receivers' Motion to Dismiss until after the Mississippi Supreme Court decides the appeal in **Huff-Cook** *Inc. v. Dale,* No. 2004-CS-617 (Miss. filed Mar. 22, 2004).

Dated:  March 4, 2005

Respectfully submitted

PEOPLES BENEFIT LIFE INSURANCE COMPANY, VETERANS LIFE INSURANCE COMPANY, HUFF-COOK, INC.,

David N. Rosen (CT 0196)
400 Orange Street
New Haven, CT 06511
Telephone: (203) 787-3513
Telecopy: (203) 789-1605

*Of Counsel*
Forrest B. Lammiman (CT 21508)
Randall A. Hack (CT 14314)
Brian I. Hays (CT 21601)
LORD, BISSELL & BROOK LLP
115 S. LaSalle Street
Chicago, IL 60603
Telephone: (312) 443-0700
Facsimile: (312) 443-0336

5

## Certificate of Service

I hereby certify that on March 4, 2005, a true and correct copy of the foregoing was served by U.S. Mail, first class postage pre-paid to the following:

| | |
|---|---|
| **Plaintiff U.S.A.**<br>Julie G. Turbert<br>Assistant U.S. Attorney<br>U.S. Attorney's Office<br>157 Church Street<br>P.O. Box 1824<br>23rd Floor<br>New Haven, CT 06510<br>(203) 821-3700 | |
| **Claimants**<br>James A. Lenes, Esq.<br>Douglas S. Skalka, Esq.<br>Neubert, Pepe, Monteith<br>195 Church Street<br>13th Floor<br>New Haven, CT 06510-2026<br>(203) 821-2000 | Susan Loving, Esq.<br>Lest, Loving & Davies<br>1701 South Kelly<br>Edmund, OK 73013 |
| Andrew B. Campbell, Esq.<br>Graham Matherne, Esq.<br>Wyatt Tarrant & Combs<br>2525 West End Avenue<br>Suite 1500<br>Nashville, TN 37203<br>(615) 244-0020 | Charles G. Copeland, Esq.<br>Copeland, Cook, Taylor & Bush, P.A.<br>1062 Highland Colony Parkway<br>Suite 200<br>P. O. Box 6020<br>Ridgeland, MS 39157 |
| Douglas J. Schmidt, Esq.<br>Blackwell Sanders Peper Martin, LLP<br>2300 Main Street<br>Suite 1000<br>Kansas City, MO 64108 | |

David N. Eos+esl