**Request No. 35:**      The foregoing April 6, 1999 transfer to Account No. 01069446 was used to purchase Austrian Vienna Philharmonic .9999 fine gold coins.

**Response:**

**Request** No. **36:**      Frankel placed the foregoing order for the Austrian Vienna Philharmonic .9999 fine gold coins from Monex Deposit Company using the funds transferred from Account No. 70026 to Farmers & Merchants Bank Account No. 01069446.

**Response:**

**Request No.** 37:      On April 9, 1999, Settlers Life Insurance Company transferred a total of $44,795,476 from First Union Accounts No. 5056681511 ($18,795,476) and No. 5056492342 ($26,000,000) to First Tennessee Bank Account No. 100057727.

**Response:**

**Request No. 38:**      On April 9, 1999 $44,795,000 was transferred from First Tennessee Bank Account No. 100057727 to the BONY Account.

**Response:**

**Request No. 39:**      On April 12, 1999, $44,812,640.49 was transferred from the BONY Account to the UBS Account for further credit to Account No. 70026.

**Response:**

**Request No. 40:**      On April 13, 1999, $44,812,640.49 was credited to Account No. 70026 from the BONY Account.

**Response:**

**Request No. 41:**      Prior to the foregoing April 13, 1999 transfer, Account No. 70026 had a balance of $389,687.47.

**Response:**

**Request No.** 42:      On May 3, 1999, $10,000,049.29 less correspondence charges was transferred from Account No. 70026 to Bank Leumi Account No. 01029319 held in the name of Robert A. Wiener d/b/a Worldwide Diamond Co.

**Response:**

**Request No. 43:**      The foregoing May 3, 1999 transfer to Bank Leumi was by order of Devo?shire Technologies, Ltd.

**Response:**

7

**Request** No. **44:**     The foregoing May 3, 1999 transfer to Bank Leumi was authorized by Frankel.

**Response:**

**Request No. 45:**     On May 3, 1999, $9,999,985.00 was credited to Bank Leumi Account No. 01029319 held in the name of Robert A. Wiener d/b/a Worldwide Diamond Co. for the benefit of Devonshire Technologies, Ltd.

**Response:**

**Request No. 46:**     The foregoing amount transferred to Bank Leumi Account No. 01029319 was used to purchase diamonds from Robert A. Wiener d/b/a Worldwide Diamond Co.

**Response:**

**Request No.** 47:     Frankel placed the order to purchase diamonds using the foregoing amounts transferred from Account No. 70026 to Bank Leumi Account No. 01029319.

**Response:**

**Request** No. 48:     At least a portion of these diamonds were seized by the United States government, and became subject to a civil forfeiture action pending before Judge Burns in the United States District Court for the District of Connecticut entitled, United States v. 277 Diamonds, Civil No. 3:02 CV 889 (EBB).

**Response:**

**Request No. 49:**     By memorandum dated May 3, 1999, Martin Frankel, as President and Secretary of Devonshire Technologies, Ltd., directed Monex Deposit Company to deliver 12,000 one-ounce Austrian Vienna Philharmonic .9999 fine gold coins purchased by Devonshire from Monex Deposit Company to the custody of Banque SCS Alliance in Geneva, Switzerland.

**Response:**

**Request No. 50:**     On May 5, 1999, 12,000 Vienna Philharmonic Gold Coins were shipped from the Vienna Mint at the instruction of Frankel's broker, Monex, to Banque SCS Alliance's custodian bank for precious metals, Union Bank of Switzerland, Acacias branch, 35, rue des Noirettes, Geneva.

**Response:**

**Request** No. 51:        These gold coins were seized by the Swiss authorities. These gold coins were liquidated and converted to currency in the amount of $3,241,500.

**Response:**

**Request No. 52:        Banque** SCS Alliance subsequently wire transferred the amount of $3,241,500.00 to Account 00008114, held in the name of the Seized Asset Deposit Fund, at the Federal Reserve Bank. These funds are the subject of a civil forfeiture action pending before Judge Burns in the United States District Court for the District of Connecticut entitled United States v. $29,035,500.00, Civil No. 3:01 CV 1515(EBB).

**Response:**

**Request No. 53:**        On May 7, 1999, $28,000,050.20 less correspondence charges was transferred from Account No. 70026 to Bank Monte dei Paschi di Siena Account No. 785014.

**Response:**

**Request No. 54:**        Bank Monte dei Paschi di Siena Account No. 785014 was held in the name of Sanita Piu, S.P.A.

**Response:**

**Request No. 55:**        The foregoing May 7, 1999 transfer to Bank Monte dei Paschi di Siena was authorized by Frankel.

**Response:**

**Request No. 56:**        On May 14, 1999, Account No. 70026 had a balance of $30,384.30.

**Response:**

**Request No. 57:**        On June 27, 1999, Account No. 70026 was frozen pursuant to a request of the United States Government in accordance with a Mutual Legal Assistance Treaty between Switzerland and the United States.

**Response:**

**Request No. 58:**        On June 28, 2001, $3,241,500.00 was transferred from Account No. 70026 to Federal Reserve Bank Acct. No. 00008114.

**Response:**

**Request No. 59:**    On July 5, 2001, the Federal Bureau of Investigation seized $3,241,500.00 pursuant to a seizure warrant issued by the Honorable Joan G. Margolis, United States Magistrate Judge for the District of Connecticut, on July 5, 2001.

**Response:**

**Request No. 60:**    The $3,241,500.00 in converted currency is currently the subject of a civil forfeiture action pending before Judge Burns in the United States District Court for the District of Connecticut entitled United States v. $29,035,500.00, Civil No. 3:01CV1515(EBB).

**Response:**

**Request No. 61:**    On July 7, 1999, $26,499,980.00 was transferred from the Sanita Piu, S.P.A. account at Bank Monte dei Paschi di Siena to Account No. 70026.

**Response:**

**Request No. 62:**    On June 28, 2000, the funds contained in Account No. 70026, $29,035,500.00, were wire transferred to Account 20X6875(06), held in the name of U.S. Customs Suspense Account, at the Federal Reserve Bank of New York.

**Response:**

**Request No. 63:**    On July 6, 2001, the Internal Revenue Service Criminal Investigation seized the $29,035,500.00 pursuant to a seizure warrant issued by the Honorable Joan G. Margolis, United States Magistrate Judge of the United States District Court for the District of Connecticut.

**Response:**

Dated: February 8, 2005                    Respectfully submitted,


PEOPLES BENEFIT LIFE INSURANCE
COMPANY, VETERANS LIFE
INSURANCE COMPANY, HUFF-COOK,
INC.


David N. Rose 14069)
400 Orange Street
New Haven, CT 06511
Telephone: (203) 787-3513
Telecopy: (203) 789-1605

*Of Counsel*
Forrest B. Lammiman, Esq. (CT 21508)
Randall A. Hack, Esq. (CT 14314)
Brian I. Hays, Esq. (CT 21601)
LORD, BISSELL & BROOK
115 S. LaSalle Street
Chicago, IL 60603
Telephone: (312) 443-0700
Facsimile: (312) 443-0336

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing were served by Federal

Express to the following:

John Hughes
Julie G. Turbert
Assistant U.S. Attorney
U.S. Attorney's Office
157 Church Street
P.O. Box 1824
23rd Floor
New Haven, CT 06510


James A. Lenes, Esq.                    Susan Loving, Esq.
Douglas S. Skalka, Esq.                 Lest, Loving & Davies
Neubert, Pepe, Monteith                 1701 South Kelly
195 Church Street                       Edmund, OK 73013
13[h] Floor
New Haven, CT 06510-2026


Andrew B. Campbell, Esq.                Charles G. Copeland, Esq.
Graham Matheme, Esq.                    Copeland, Cook, Taylor & Bush, P.A.
Wyatt Tarrant & Combs                   1062 Highland Colony Parkway
2525 West End Avenue                    Suite 200
Suite 1500                              P. O. Box 6020
Nashville, TN 37203                     Ridgeland, MS 39157

Douglas J. Schmidt, Esq.
Blackwell Sanders Peper Martin, LLP
2300 Main Street
Suite 1000
Kansas City, MO 64108


This 8th day of February, 2005


Brian I. Hays

<u>**SERVICE LIST**</u>

*USA v.* **$29,035,500.00,** *et al,*
**United States District Court for the District of Connecticut,**
**Case No, 3:01-CV-1515 (EBB)**

<u>**Plaintiff U.S.A.**</u>
John Hughes
Julie G. Turbert
Assistant U.S. Attorney
U.S. Attorney's Office
157 Church Street
P.O. Box 1824
23rd Floor
New Haven, CT 06510
(203) 821-3700

<u>**Claimants**</u>

James A. Lenes, Esq.
Douglas S. Skalka, Esq.
Neubert, Pepe, Monteith
195 Church Street
13th Floor
New Haven, CT 06510-2026
(203) 821-2000

Susan Loving, Esq.
Lest, Loving & Davies
1701 South Kelly
Edmund, OK 73013

Andrew B. Campbell, Esq.
Graham Matherne, Esq.
Wyatt Tarrant & Combs
2525 West End Avenue
Suite 1500
Nashville, TN 37203
(615) 244-0020

Charles G. Copeland, Esq.
Copeland, Cook, Taylor & Bush, P.A.
1062 Highland Colony Parkway
Suite 200
P. O. Box 6020
Ridgeland, MS 39157

Douglas J. Schmidt, Esq.
Blackwell Sanders Peper Martin, LLP
2300 Main Street
Suite 1000
Kansas City, MO 64108

Exhibit 4

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) Civil Action No. 3:01cv01515 (EBB) |
| | ) |
| **$29,035,500.00 IN ACCOUNT** | ) |
| **NUMBER 20X6875(06), HELD IN THE** | ) |
| **NAME OF U.S. CUSTOMS SUSPENSE** | ) |
| **ACCOUNT AT THE FEDERAL RESERVE** | ) |
| **BANK OF NEW YORK, WHICH** | ) |
| **REPRESENTS A WIRE TRANSFER** | ) |
| **FROM ACCOUNT NUMBER 70026, AT** | ) |
| **BANQUE SCS ALLIANCE, GENEVA,** | ) |
| **SWITZERLAND HELD IN THE NAME** | ) |
| **OF BLOOMFIELD INVESTMENTS, LTD.** | ) |
| | ) |
| **$3,241,500.00 IN ACCOUNT NUMBER** | ) |
| **00008114, HELD IN THE NAME OF** | ) |
| **SEIZED ASSET DEPOSIT FUND AT THE** | ) |
| **FEDERAL RESERVE BANK, WHICH** | |
| **REPRESENTS A WIRE TRANSFER** | |
| **FROM BANQUE SCS ALLIANCE,** | |
| **GENEVA, SWITZERLAND, HELD IN** | |
| **THE NAME OF BLOOMFIELD** | |
| **INVESTMENTS, LTD.** | |
| | |
| **Defendants.** | |

---

**RECEIVER-CLAIMANTS' MOTION FOR PROTECTIVE ORDER STAYING
CERTAIN DISCOVERY PENDING RESOLUTION OF RECEIVER-CLAIMANTS'
MOTION TO DISMISS CLAIMS OF PEOPLES BENEFIT LIFE INSURANCE
COMPANY, VETERANS LIFE INSURANCE COMPANY, HUFF COOK, INC., AND
SETTLERS LIFE INSURANCE COMPANY**

---

**ORAL ARGUMENT REQUESTED**

COME NOW GEORGE DALE, Commissioner of Insurance for the State of Mississippi,

in his official capacity as Receiver of Franklin Protective Life Insurance Company, Family

Guaranty Life Insurance Company, and First National Life Insurance Company of America,

PAULA A. FLOWERS, Commissioner of Commerce and Insurance for the State of

Tennessee, in her official capacity as Receiver of Franklin American Life Insurance

Company, KIM HOLLAND, Insurance Commissioner for the State of Oklahoma, in her

official  capacity as Receiver of Farmers and Ranchers Ufe Insurance Company in

Liquidation, MIKE PICKENS, Insurance Commissioner for the State of Arkansas, in his

official capacity as Receiver of Old Southwest Life Insurance Company, and DOUGLAS M.

OMMEN, Acting Director of the Department of Insurance for the State of Missouri, in his

official capacity as Acting Receiver of International Financial Services Life Insurance

Company, (collectively, the "Receiver-Claimants") and, pursuant to Rule 26(c) of the

Federal Rules of Civil Procedure, respectfully move this Court to enter a protective order

staying all discovery between the Receiver-Claimants and Claimants Peoples Benefit Life

Insurance Company, Veterans Ufe Insurance Company, and Huff-Cook, Inc./Settlers Life

Insurance Company (collectively, "Peoples-Veterans-Settlers") pending the resolution of the

Receiver-Claimants' Motion to Dismiss. In support of this motion, the Receiver-Claimants

would show unto this Court the following:

1.     On February 8, 2005, Peoples-Veterans-Settlers served the Receiver-Claimants with

        Requests for Production of Documents and Requests for Admissions. The Receiver-

        Claimants' responses are due on or about March 14, 2005.


2.     On February 11, 2005, the Receiver-Claimants filed a Motion to Dismiss the claims

2

that Peoples-Veterans-Settlers have asserted to the Defendant Properties. The
Receiver-Claimants incorporate herein by reference their Motion to Dismiss.

3.     All   discovery between the Receiver-Claimants and Peoples-Veterans-Settlers,
including the previously-serVed discovery, should be stayed until this Court rules
upon the Receiver-Claimants' Motion to Dismiss.

4.     The Receiver-Claimants' Motion to Dismiss addresses the threshold question of
whether the claims asserted by Peoples-Veterans-Settlers to the Defendant
Properties are legally valid. The Chancery Court-for the First Judicial District of
Hinds County, Mississippi ('Chancery Court") has already decided this issue as
between these parties.    On February 3, 2004, the Chancery Court ruled that
Peoples-Veterans-Settlers must submit their claims to the same assets subject to this
forfeiture proceeding through the process provided for by Mississippi law.' A copy
of the Chancery Court's decision is attached to the Motion to Dismiss.

5.     Under Rule 26, this Court has broad discretion to grant a protective order to stay
discovery pending the determination of a dispositive motion. FED. R. Civ. P. 26(c)
(2004) and *Transunion Corp. v. Pepsico, Inc., 811* F.2d 127, 130 (2d Cir. 1987).
*See also In re Currency Conversion Fee Antitrust Litigation,* No. MDL 1409, M21-95,

---

[1] **The Chancery Court is administering the liquidation estate for First National Life Insurance Company of America (AFNL@), an insolvent insurance company with which Peoples-Veterans-Settlers entered into reinsurance contracts. Peoples-Veterans-Settlers have asserted daims within FNL's liquidation estate.**

3

2002 WL 88278, *1 (S.D.N.Y. Jan. 22, 2002) (noting that "district courts have discretion to stay discovery for `good cause' pending resolution of a motion to dismiss."). Discovery should be stayed in instances "when there are no factual issues in need of further immediate exploration, and the issues before the Court are purely questions *of* law that are potentially dispositive ...." *Hachette Distribution, Inc. v. Hudson County News Co., Inc., 136* F.R.D. *356, 358 (E.D.N.Y.* 1991). Due **to** the **legal** basis *of* the **arguments** presented by the **Receiver-Claimants'** in their Motion to Dismiss and the lack *of* relevant factual issues, a stay *of* discovery in this case is warranted.

6.    The claims asserted by Peoples-Veterans-Settlers against the Defendant Properties are barred by the principles *of res judicata.* In addition, the principles *of* estoppel by judgment, claim preclusion, and issue preclusion mandate the dismissal *of* Peoples-Veterans-Settlers's claims. Since these are threshold legal issues that may be decided without discovery, all discovery between Peoples-Veterans-Settlers and the Receiver-Claimants should be stayed pending this Court's resolution *of* the Motion to Dismiss.

7.    Even *if* Peoples-Veterans-Settlers's claims were not barred by the Chancery Court's ruling, the legal principles for that ruling apply here. As a matter *of* law, Peoples-Veterans-Settlers must seek recovery of any of the money they sent to FNL for reinsurance through FNL's Liquidation Estate. This is another legal issue which may be addressed without the need for discovery.

8.    The Receiver-Claimants' Motion to Dismiss presents this Court with legal questions

that turn upon the **application** of the principles of *res judicata,* estoppel by judgment, claim predusion, and issue preclusion as well as the exclusive jurisdiction of the Chancery Court pursuant to Mississippi's Insurers Rehabilitation and Liquidation Act. Miss. CODE ANN. " 83-24-1 *et seq.* Since these determinations may be made as a matter of law, it is a waste of the insolvent insurance companies' limited resources to require the Receiver-Claimants to respond to the discovery from Peoples-Veterans-Settlers before the Motion to Dismiss has been decided.

9.   Peoples-Veterans-Settlers have repeatedly attempted to circumvent Mississippi's Insurers Rehabilitation and Liquidation Act.    For example, this Court denied Peoples-Veterans-Settlers's attempt to intervene in a companion forfeiture action, finding that Peoples-Veterans-Settlers had no direct interest in the assets. *United States v. $11,014,165.20 in U.S. Currency etal., Civil* No. **3:99cv02589.** Each court where Peoples-Veterans-Settlers have asserted their alleged claims to properties such as the Defendant Properties has recognized that Peoples-Veterans-Settlers's claims can only be asserted in the liquidation estate through Mississippi's Insurers Rehabilitation and Liquidation Act. *United States v. Peoples Benefit Life Ins. Co.,* 271 F.3d 411 (2d Cir. 2001); *Huff Cook, Inc. v. George Dale,* No. 1:99 cv00109 (W.D. Va. March 29, 2001); and *Peoples Benefit Life Ins. Co. v. Dale,* No. CIV.A. 3:99-CV-537BN, 1999 WL 33545578 (S.D. Miss. Dec. 29, 1999). The Chancery Court, as noted previously, ruled that Peoples-Veterans-Settlers must submit their claims against FNL through the statutory clams process. Despite this, Peoples-Veterans-Settlers have continued to press forward with their claims to the Defendant

5

Properties.

10.    The purpose of discovery is find information relevant to the specific practices or ads that are at issue. Based on the threshold legal issue of whether Peoples-Veterans-Settlers's claims to the Defendant Properties may even be presented in this Court, neither justice nor judicial economy is served by requiring the Receiver-Claimants to answer the lengthy discovery requests served by Peoples-Veterans-Settlers. If this Court decides that the Receiver-Claimants' legal position is correct, then Peoples-Veterans-Settlers's claims to the Defendant Properties must be dismissed and the expense and burden of discovery between these parties will be avoided.

11.    Based on the threshold legal issues presented by the Receiver-Claimants' pending Motion to Dismiss, the Receiver-Claimants respectfully requests that this Court stay discovery until such time that it rules upon the Motion to Dismiss.

WHEREFORE, PREMISES CONSIDERED, the Receiver-Claimants respectfully request that this Court issue a protective order, staying all discovery between the Receiver-Claimants and Peoples-Veterans-Settlers until such tme that the Receiver-Claimants' pending Motion to Dismiss is ruled upon by this Court.

1

Respectfully submitted, this the 25th day of February 2005.

/S/ JAMES A. LENES
James A. Lenes, Esq. (ct10408)
Neubert, Pepe & Monteith, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510-2026
Telephone:   (203) 821-2000
**Facsimile:     (203) 821-2009**

Of Counsel

Alan F. Curley
C. Philip Curley
Cynthia H. Hyndman
ROBINSON CURLEY & CLAYTON, P.C.
300 South Wacker Drive, Suite 1700
Chicago, Illinois 60606
Telephone:   (312) 663-3100
and

Douglas J. Schmidt        (MO Bar **#34266)**
Terrance M. Summers      (MO Bar #38319)
Patrick A. McInerney       (MO Bar #37638)
Tessa K. Jacob             (MO Bar #44708)
Blackwell Sanders Peper Martin LLP
4801 Main, Suite 1000
Kansas City, Missouri 64112
Telephone:   (816) 983-8000
Facsimile:    (816) 983-8080

**Counsel for**
DOUGLAS M. OMMEN, Acting Director of the
Department of Insurance for the State of
Missouri, in his official capacity as Acting
Receiver   of   INTERNATIONAL FINANCIAL
SERVICES LIFE INSURANCE COMPANY

and

Charles G. Copeland        (MS Bar #6516)
Rebecca Blunden             (MS Bar #99611)

7

COPELAND, COOK, TAYLOR & **BUSH,** P.A.
P.O. Box 6020
Ridgeland, Mississippi 39158
Telephone:    (601) 856-7200
Facsimile:    (601) 856-7626

Counsel for
**GEORGE** DALE, Commissioner of Insurance for
the State of Mississippi, in his official capacity as
Receiver of   FRANKLIN PROTECTIVE LIFE
INSURANCE COMPANY, FAMILY GUARANTY
LIFE INSURANCE COMPANY, and FIRST
NATIONAL LIFE INSURANCE COMPANY OF
AMERICA

and

Andrew B. Campbell (TN 14258, CT Fed. 21433)
Graham Matherne, Esq.
WYATT, TARRANT & COMBS, LLP
2525 West End Avenue, Suite 1500
Nashville, Tennessee 37203-1423
Telephone:    (615) 244-0020
Facsimile:    (615) **251-6661**

**Counsel for**
**PAULA  A.  FLOWERS,  Commissioner  of**
**Commerce and Insurance for the State of**
**Tennessee, in her official capacity as Receiver of**
**FRANKLIN  AMERICAN**  LIFE  INSURANCE
COMPANY

and

Susan B. Loving, Esq.
LESTER, LOVING AND DAVIES
1701 South Kelly
Edmond, Oklahoma 73013
Telephone:    (405) **844-9900**
Facsimile:    **(405) 844-9958**

Counsel for

8

KIM HOLLAND, Insurance Commissioner for the
State of Oklahoma, in her official capacity as
Receiver of FARMERS AND RANCHERS LIFE
INSURANCE COMPANY

and

Steve A. Uhrynowycz, Esq.
Arkansas Insurance Department
Liquidation Division
1023 West Capitol Avenue, Suite 2
Little Rock, Arkansas 72201
Telephone:    (501) 371-2776
Facsimile:    (501) 374-0101

Counsel for
MIKE PICKENS, Insurance Commissioner for the
State of Arkansas, in his official capacity as
Receiver of OLD SOUTHWEST LIFE INSURANCE
COMPANY

Attorneys for the Receiver-Claimants

9

r

<u>CERTIFICATE OF SERVICE.</u>

I hereby certify that a true and correct copy of the foregoing was served by U.S.

Mail, first class postage pre-paid, to the following:

John B. Hughes, Esq.                    Forrest B. Lammiman
David X. Sullivan, Esq.                 Lord, Bissell & Brook
Julie Turbert, Esq.                     115 S. LaSalle Street
United States Attorney's Office         Chicago, Illinois 60603
P.O. Box 1824
New Haven, Connecticut 06508

THIS the 25th day of February 2005.

/s/ James A. Lenes
James A. Lenes, Esq. (ct0408)
Neubert, Pepe & Monteith, P.C.

10