## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:01cv01515 (EBB) |
| | ) | |
| $29,035,500 IN ACCOUNT NUMBER | ) | |
| 20X6875(06), HELD IN THE NAME OF | ) | |
| U.S. CUSTOMS SUSPENSE ACCOUNT) | | |
| AT THE FEDERAL RESERVE BANK | ) | |
| OF NEW YORK, et al. | ) | |
| | ) | |
| Defendants | ) | |

_____

### RECEIVER-CLAIMANTS' EMERGENCY MOTION FOR STAY AND OPPOSITION TO MOTION FOR LEAVE TO DEPOSE FEDERAL PRISONERS

_____

The Receiver-Claimants, George Dale, Paula A. Flowers, W. Dale Finke, Kim Holland, and Julie Benafield Bowman – Insurance Commissioners for the States of Mississippi, Tennessee, Missouri, Oklahoma, and Arkansas, respectively, acting in their official capacities as Liquidators, Receivers, and/or Rehabilitators for Franklin Protective Life Insurance Company, Family Guaranty Life Insurance Company, First National Life Insurance Company of America, Franklin American Life Insurance Company, International Financial Services Life Insurance Company, Farmers and Ranchers Life Insurance Company in Liquidation, and Old Southwest Life Insurance Company (the "Receiver-Claimants") – file this emergency motion for a stay of depositions noticed by Claimants Peoples Benefit Life Insurance Company, Veterans Life Insurance Company, and Huff-Cook, Inc./Settlers Life Insurance Company (collectively "Peoples-Veterans-Settlers") for the weeks of March 21 and 28, 2005.

In support of this emergency motion, the Receiver-Claimants state:

1.    On February 11, 2005, the Receiver-Claimants filed a motion to dismiss the claims of Peoples-Veterans-Settlers in this action because, among other grounds, the doctrine of *res judicata* bars reassertion by Peoples-Veterans-Settlers of their claims in this Court.

2.    The Chancery Court for Hinds County, Mississippi, First Judicial District, determined in a judgment entered February 3, 2004, that Peoples-Veterans-Setters's assertion of a constructive trust cannot be upheld in the First National Life Insurance Co. of America ("FNL") liquidation estate.  Therefore, although Peoples-Veterans-Settlers have a valid general creditor claim in the FNL liquidation matter, it cannot leap ahead of other creditors of the estate whose claims are classified by statute as having higher priority than those of general creditors.

3.    Although Peoples-Veterans-Settlers have appealed that decision to the Mississippi Supreme Court, *res judicata* principles apply under Mississippi law concerning the effect of the Chancery Court judgment.

4.    On February 25, 2005, the Receivers filed a Motion for Protective Order Staying Certain Discovery Pending Resolution of Receiver-Claimants' Motion to Dismiss Claims of Peoples Benefit Life Insurance Company, Veterans Life Insurance Company, Huff-Cook, Inc., and Settlers Life Insurance Company.  There is no need for the Receiver-Claimants or, for that matter, Peoples-Veterans-Settlers, to incur the time and expense of discovery until this Court has an opportunity to address the dispositive questions of law presented by the Motion to Dismiss.

5.    Although Peoples-Veterans-Settlers filed a motion for limited abstention conceding, at least, that the Mississippi Supreme Court's decision whether to affirm the Chancery Court will answer a controlling question of law in this matter, Peoples-Veterans-Settlers have opposed the stay of discovery requested by the Receiver-Claimants on February 25, 2005. This Court has not yet had an opportunity to rule on the February 25, 2005, motion.

6.    Despite the dispute pending before this Court about whether any discovery should occur, at all, Peoples-Veterans-Settlers have now unilaterally issued Rule 30(b)(6) deposition notices to the Receiver-Claimants. Before issuing those notices, which were served on March 10, 2005, Peoples-Veterans-Settlers were informed that, while the parties are awaiting this Court's ruling on the pending motion for protective order to stay discovery, the Receiver-Claimants did not agree that any depositions would be appropriate.

7.    In an attempt by Peoples-Veterans-Settlers to conduct discovery before this Court has an opportunity to rule on the Receiver-Claimants' pending motion for a protective order, the March 10, 2005, notices call for Rule 30(b)(6) depositions, not only of the various Receiver-Claimants, but also of designees for their respective insurance departments, beginning on March 22 and continuing on March 23, 24, 28, and 29. *See* Exhibits 1, 2, 3, 4, 5, 6, and 7 (Deposition Notices).[1]

8.    In a further attempt to advance discovery, Peoples-Veterans-Settlers has filed a motion seeking leave to depose four federal prisoners -- Martin Frankel, John Hackney, Gary

---

[1]    The Receiver-Claimants note that the various insurance departments are not parties to this matter and have not been properly noticed or subpoenaed to appear. The notices as served can only apply to the various Insurance Commissioners in their capacities as Receiver-Claimants.

Atnip, and Sonia Howe. Such depositions are not appropriate at this time, for the same reasons previously advanced in the Receiver-Claimants' February 25, 2005, motion for a protective order and stay, incorporated herein by reference.

9.      Peoples-Veterans-Settlers's current deposition notices and motion for leave to depose federal prisoners are improper at this time. Because of the dates noticed for the Receiver-Claimants' depositions, there is an emergent need by the Receiver-Claimants for at least a temporary stay of all discovery on the Peoples-Veterans-Settlers claims, while this Court makes its determination on the February 25, 2005, motion for protective order and stay of discovery.

10.      The Receiver-Claimants respectfully request that this Court either:

(a)      issue an emergency temporary stay of discovery on the Peoples-Veterans-Settlers's claims, pending its decision on the Receiver-Claimants' February 25, 2005, motion for protective order and to stay discovery; or

(b)      immediately grant the Receiver-Claimants' February 25, 2005, motion for protective order and to stay discovery, without need for an emergency, temporary stay.

11.      There is no need, at this time, for either the Receiver-Claimants or Peoples-Veterans-Settlers to incur the expense of depositions and other discovery. A dispositive question of law has obviated, and will likely continue to obviate, the need for any discovery whatsoever on this claim. Moreover, this Court should not countenance the attempt by Peoples-Veterans-Settlers to schedule and conduct discovery before this Court has an opportunity to rule on the pending issue about whether discovery is appropriate.

Accordingly, the Receiver-Claimants move the Court to either enter a temporary

emergency stay of discovery pending its decision on the Receiver-Claimants' motion filed February 25, 2005; or grant the February 25, 2005, motion for stay and enter a general stay of all discovery on Peoples-Veterans-Settlers's claims in these matters. Given that notices have been issued for depositions to take place beginning on Tuesday, March 22, 2005, the Receiver-Claimants further request that this Court shorten any necessary time for response to this motion and advance it for hearing on the docket as an emergency matter.

Respectfully submitted, this the 15th day of March 2005.

/s/ Douglas S. Skalka
Douglas S. Skalka             Fed. Bar No. 00616
Neubert, Pepe & Monteith, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510-2026
Telephone:     (203) 821-2000
Facsimile:     (203) 821-2009
Of Counsel

Alan F. Curley
C. Philip Curley
Cynthia H. Hyndman
ROBINSON CURLEY & CLAYTON, P.C.
300 South Wacker Drive, Suite 1700
Chicago, Illinois 60606
Telephone:     (312) 663-3100

and

Douglas J. Schmidt          (MO Bar #34266)
Terrance M. Summers  (MO Bar #38319)
Patrick A. McInerney   (MO Bar #37638)
Tessa K. Jacob             (MO Bar #44708)
Blackwell Sanders Peper Martin LLP
4801 Main, Suite 1000
Kansas City, Missouri 64112

Telephone:     (816) 983-8000
Facsimile:     (816) 983-8080

Counsel for
DOUGLAS M. OMMEN, Acting Director of the
Department of Insurance for the State of Missouri, in his
official     capacity     as     Acting     Receiver     of
INTERNATIONAL FINANCIAL SERVICES LIFE
INSURANCE COMPANY

and

Charles G. Copeland    (MS Bar #6516)
Rebecca Jordan            (MS Bar #99611)
COPELAND, COOK, TAYLOR & BUSH, P.A.
P.O. Box 6020
Ridgeland, Mississippi 39158
Telephone:     (601) 856-7200
Facsimile:     (601) 856-7626

Counsel for
GEORGE DALE, Commissioner of Insurance for the
State of Mississippi, in his official capacity as Receiver of
FRANKLIN PROTECTIVE LIFE INSURANCE
COMPANY,     FAMILY     GUARANTY     LIFE
INSURANCE COMPANY, and FIRST NATIONAL
LIFE INSURANCE COMPANY OF AMERICA

and

Andrew B. Campbell (TN 14258, CT Fed. 21433)
Graham Matherne, Esq.
WYATT, TARRANT & COMBS, LLP
2525 West End Avenue, Suite 1500
Nashville, Tennessee  37203-1423
Telephone:     (615) 244-0020
Facsimile:     (615) 251-6661

Counsel for
PAULA A. FLOWERS, Commissioner of Commerce
and Insurance for the State of Tennessee, in her official

–6–

capacity as Receiver of FRANKLIN AMERICAN LIFE
INSURANCE COMPANY

and

Susan B. Loving, Esq.
LESTER, LOVING AND DAVIES
1701 South Kelly
Edmond, Oklahoma 73013
Telephone:      (405) 844-9900
Facsimile:      (405) 844-9958

Counsel for
KIM HOLLAND, Insurance Commissioner for the State
of Oklahoma, in her official capacity as Receiver of
FARMERS AND RANCHERS LIFE INSURANCE
COMPANY

and

Steve A. Uhrynowycz, Esq.
Arkansas Insurance Department
Liquidation Division
1023 West Capitol Avenue
Little Rock, Arkansas 72201
Telephone:      (501) 371-2776
Facsimile:      (501) 374-0101


Counsel for
MIKE PICKENS, Insurance Commissioner for the State
of Arkansas, in his official capacity as Receiver of OLD
SOUTHWEST LIFE INSURANCE COMPANY

Attorneys for the Receiver-Claimants

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by U.S. Mail, first class

postage pre-paid, to the following:

John B. Hughes, Esq.
David X. Sullivan, Esq.
United States Attorney's Office
P.O. Box 1824
New Haven, CT  06508

Graham Matherne, Esq.
Wyatt Tarrant & Combs
2525 West End Avenue, Suite 1500
Nashville, TN 37203

Alan F. Curley
C. Philip Curley
Cynthia H. Hyndman
ROBINSON CURLEY & CLAYTON, P.C.
300 South Wacker Drive, Suite 1700
Chicago, IL  60606

Susan B. Loving, Esq.
Lester, Loving & Davies
1701 South Kelly Avenue
Edmund, OK  73013

Forrest B. Lammiman
Randall A. Hack
Brian I. Hays
Lord, Bissell & Brook
115 S. LaSalle Street
Chicago, IL  60603

David N. Rosen
Rosen & Dolan, P.C.
400 Orange Street
New Haven, CT 06511

Douglas J. Schmidt, Esq.
Blackwell Sanders Peper Martin, LLP
4801 Main Street, Suite 1000
Kansas City, MO  64112

Steve A. Uhrynowycz, Esq.
Arkansas Insurance Department
1023 West Capitol Avenue
Little Rock, AR  72201

THIS the 15th day of March 2005.

/s/ Douglas S. Skalka
Douglas S. Skalka (ct00616)
Neubert, Pepe & Monteith

−8−