UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **UNITED STATES OF AMERICA**              ) | |
| ) | |
|     **Plaintiff,**                                               ) | |
| ) | |
| vs.                                                                ) | Civil Action No. 3:01cv01515 (EBB) |
| ) | |
| **$29,035,500.00 IN ACCOUNT**               ) | |
| **NUMBER 20X6875(06), HELD IN THE** ) | |
| **NAME OF U.S. CUSTOMS SUSPENSE** ) | |
| **ACCOUNT AT THE FEDERAL RESERVE** ) | |
| **BANK OF NEW YORK, WHICH**              ) | |
| **REPRESENTS A WIRE TRANSFER**       ) | |
| **FROM ACCOUNT NUMBER 70026, AT** ) | |
| **BANQUE SCS ALLIANCE, GENEVA,**   ) | |
| **SWITZERLAND HELD IN THE NAME**    ) | |
| **OF BLOOMFIELD INVESTMENTS, LTD.** ) | |
| ) | |
| **$3,241,500.00 IN ACCOUNT NUMBER** ) | |
| **00008114, HELD IN THE NAME OF**        ) | |
| **SEIZED ASSET DEPOSIT FUND AT THE** ) | |
| **FEDERAL RESERVE BANK, WHICH**      ) | |
| **REPRESENTS A WIRE TRANSFER**       ) | |
| **FROM BANQUE SCS ALLIANCE,**          ) | |
| **GENEVA, SWITZERLAND, HELD IN**     ) | |
| **THE NAME OF BLOOMFIELD**                ) | |
| **INVESTMENTS, LTD.**                                ) | |
| ) | |
|     **Defendants.**                                          ) | |
| ) | |

**RESPONSE BY RECEIVER-CLAIMANTS IN OPPOSITION TO MOTION FOR ABSTENTION PENDING A RULING ON THE STATE LAW QUESTION BY THE MISSISSIPPI SUPREME COURT**

COME NOW GEORGE DALE, Commissioner of Insurance for the State of Mississippi,

in his official capacity as Receiver of Franklin Protective Life Insurance Company, Family Guaranty Life Insurance Company, and First National Life Insurance Company of America, PAULA A. FLOWERS, Commissioner of Commerce and Insurance for the State of Tennessee, in her official capacity as Receiver of Franklin American Life Insurance Company, KIM HOLLAND, Insurance Commissioner for the State of Oklahoma, in her official capacity as Receiver of Farmers and Ranchers Life Insurance Company in Liquidation, JULIE BENAFIELD BOWMAN, Insurance Commissioner for the State of Arkansas, in her official capacity as Receiver of Old Southwest Life Insurance Company, and W. DALE FINKE, Director of the Department of Insurance for the State of Missouri, in his official capacity as Acting Receiver of International Financial Services Life Insurance Company, (hereinafter referred to collectively as the "Receiver-Claimants") and submits this, their Response in Opposition to the Motion for Limited Abstention Pending a Ruling on the State Law Question by the Mississippi Supreme Court, which was filed by Huff-Cook, Inc./Settlers Insurance Company, Peoples Benefit Life Insurance Company, and Veterans Life Insurance Company (hereinafter referred to collectively as "Peoples-Veterans-Settlers"). In support of their Opposition, the Receiver-Claimants would show unto to this Court the following:

1. On February 4, 2004, the Chancery Court of the First Judicial District of Hinds County, Mississippi ("Chancery Court"), which is handling the liquidation of First National Life Insurance Company of America ("FNL"), ruled that the only manner in which Peoples-Veterans-Settlers can seek recovery of monies tendered to FNL for

reinsurance is through the statutory proof of claim process of the FNL Liquidation Estate. In doing so, the Chancery Court ruled that Peoples-Veterans-Settlers have no right to the Defendant Properties outside the liquidation process. Peoples-Veterans-Settlers have appealed this decision to the Mississippi Supreme Court. This appeal has been briefed and is set for oral argument on April 5, 2005.

2. On February 11, 2005, the Receiver-Claimants filed a Motion to Dismiss the claims that Peoples-Veterans-Settlers have asserted to the Defendant Properties. The Receiver-Claimants incorporate herein by reference their Motion to Dismiss. As explained by the Receiver-Claimants in their Motion to Dismiss, the claims asserted by Peoples-Veterans-Settlers against the Defendant Properties are barred by the principles of *res judicata*. In addition, the principles of estoppel by judgment, claim preclusion, and issue preclusion mandate the dismissal of Peoples-Veterans-Settlers's claims. Even if the principles of *res judicata* do not apply, the same legal principles underpinning the Chancery Court's decision mandate dismissal of Peoples-Veterans-Settlers's claims to the Defendant Properties.

3. Rather than respond directly to the Motion to Dismiss, Peoples-Veterans-Settlers filed the instant Motion for Limited Abstention. In this Motion, Peoples-Veterans-Settlers admit that the legal principles in the Chancery Court's decision are controlling to their claim for the Defendant properties. With this in mind, Peoples-Veterans-Settlers ask this Court to abstain from ruling on the Receiver-Claimants' Motion to Dismiss until the Mississippi Supreme Court has decided the pending

appeal.

4.  Peoples-Veterans-Settlers then ask this Court to limit its abstention to the controlling legal issue in this case so that discovery -- which may be moot if the Mississippi Supreme Court affirms the Chancery Court=s decision -- may continue. The Receiver-Claimants have objected to any discovery between Peoples-Veterans-Settlers and the Receiver-Claimants until the Motion to Dismiss is ruled upon. *See Receiver-Claimants' Motion for Protective Order Staying Certain Discovery Pending Resolution of Receiver-Claimants' Motion to Dismiss Claims of Peoples Benefit Life Insurance Company, Veterans Life Insurance Company, Huff Cook, Inc., and Settlers Life Insurance Company and Receiver-Claimants' Emergency Motion for Stay and Opposition to Motion for Leave to Depose Federal Prisoners*, both of which are incorporated herein.

5.  With its Motion for Limited Abstention, Peoples-Veterans-Settlers are asking this Court to "decline to assert subject matter jurisdiction in a matter otherwise properly before it." *Monahan v. Holmes*, 139 F. Supp. 2d 253, 259-60 (D. Conn. 2001). Under *Colorado River*, a federal court may stay pending litigation if a parallel case is pending in a state court. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818-19 (1976). The *Colorado River* abstention doctrine, however, has no application to Peoples-Veterans-Settlers's request for a limited stay of only selected aspects of the litigation.

6.  Peoples-Veterans-Settlers seek a limited stay whereby the legal basis of their claims

is stayed but the discovery related to their claims is permitted. Peoples-Veterans-Settlers, however, have failed to cite a single case that supports such a limited abstention. Indeed, such relief is contrary to the nature of abstention, whereby the federal court is asked to decline to exercise its jurisdiction. Instead, Peoples-Veterans-Settlers are asking this Court to decline to exercise its jurisdiction for the underlying legal basis of their claims but not for the discovery related to their claims.

7. There is no basis under these facts and the *Colorado River* abstention doctrine to allow a court to refuse to exercise its jurisdiction on a controlling legal issue but allow the related discovery to go forward. Therefore, Peoples-Veterans-Settlers's Motion for Limited Abstention must be denied.

8. Moreover, the issues presented in the Motion for Limited Abstention, as well as the discovery motions, have largely been addressed in the telephonic hearing held on Friday, March 18, 2005. The issue of limiting discovery was raised during this hearing. Prior to, and during, the telephonic hearing, the Receiver-Claimants and Peoples-Veterans-Settlers reached various agreements regarding scheduling and discovery which will be the subject of an Agreed Order. Due to these agreements, the Motion for Limited Abstention is now moot.

WHEREFORE, PREMISES CONSIDERED, the Receiver-Claimants urge this Court to deny Peoples-Veterans-Settlers's Motion for Limited Abstention because there is no basis in law for such a limited abstention. Further, Peoples-Veterans-Settlers's request for limited

abstention should be denied as the issues presented therein and the relief requested are now moot.

    Respectfully submitted, this the ____24____ day of March 2005.

                                    /s/ Douglas S. Skalka
                              Douglas S. Skalka    Fed. Bar No. ct00616
                              Neubert, Pepe & Monteith, P.C.
                              195 Church Street, 13th Floor
                              New Haven, Connecticut 06510-2026
                              Telephone:   (203) 821-2000
                              Facsimile:   (203) 821-2009

                              Of Counsel

                              Alan F. Curley
                              C. Philip Curley
                              Cynthia H. Hyndman
                              ROBINSON CURLEY & CLAYTON, P.C.
                              300 South Wacker Drive, Suite 1700
                              Chicago, Illinois 60606
                              Telephone:   (312) 663-3100
                              and

| | |
|---|---|
| Douglas J. Schmidt | (MO Bar #34266) |
| Terrance M. Summers | (MO Bar #38319) |
| Patrick A. McInerney | (MO Bar #37638) |
| Tessa K. Jacob | (MO Bar #44708) |

                              Blackwell Sanders Peper Martin LLP
                              4801 Main, Suite 1000
                              Kansas City, Missouri 64112
                              Telephone:   (816) 983-8000
                              Facsimile:   (816) 983-8080

                              Counsel for
                              W. DALE FINKE, Director of the Department of Insurance for the State of Missouri, in his official capacity as Acting Receiver of INTERNATIONAL FINANCIAL SERVICES LIFE INSURANCE COMPANY

and

Charles G. Copeland (MS Bar #6516)
Rebecca Blunden      (MS Bar #99611)
COPELAND, COOK, TAYLOR & BUSH, P.A.
P.O. Box 6020
Ridgeland, Mississippi 39158
Telephone:   (601) 856-7200
Facsimile:    (601) 856-7626

Counsel for
GEORGE DALE, Commissioner of Insurance for the State of Mississippi, in his official capacity as Receiver of FRANKLIN PROTECTIVE LIFE INSURANCE COMPANY, FAMILY GUARANTY LIFE INSURANCE COMPANY, and FIRST NATIONAL LIFE INSURANCE COMPANY OF AMERICA

and

Andrew B. Campbell (TN 14258, CT Fed. 21433)
Graham Matherne, Esq.
William Gibson, Esq.
WYATT, TARRANT & COMBS, LLP
2525 West End Avenue, Suite 1500
Nashville, Tennessee  37203-1423
Telephone:   (615) 244-0020
Facsimile:    (615) 251-6661

Counsel for
PAULA A. FLOWERS, Commissioner of Commerce and Insurance for the State of Tennessee, in her official capacity as Receiver of FRANKLIN AMERICAN LIFE INSURANCE COMPANY

And

7

Susan B. Loving, Esq.
LESTER, LOVING AND DAVIES
1701 South Kelly
Edmond, Oklahoma 73013
Telephone: (405) 844-9900
Facsimile: (405) 844-9958

Counsel for
KIM HOLLAND, Insurance Commissioner for the State of Oklahoma, in her official capacity as Receiver of FARMERS AND RANCHERS LIFE INSURANCE COMPANY

and

Steve A. Uhrynowycz, Esq.
Arkansas Insurance Department
Liquidation Division
1023 West Capitol Avenue, Suite 2
Little Rock, Arkansas 72201
Telephone: (501) 371-2776
Facsimile: (501) 374-0101

Counsel for
JULIE BENAFIELD BOWMAN, Insurance Commissioner for the State of Arkansas, in her official capacity as Receiver of OLD SOUTHWEST LIFE INSURANCE COMPANY

Attorneys for the Receiver-Claimants

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by U.S. Mail, first class postage pre-paid, to the following:

John B. Hughes, Esq.
David X. Sullivan, Esq.
Julie Turbert, Esq.
United States Attorney's Office
P.O. Box 1824
New Haven, Connecticut 06508

Forrest B. Lammiman
Lord, Bissell & Brook
115 S. LaSalle Street
Chicago, Illinois 60603

David N. Rosen
Rosen & Dolan, P.C.
400 Orange St.
New Haven, CT 06511

THIS the 24 day of March 2005.

_____
Douglas S. Skalka, Esq.
Neubert, Pepe & Monteith, P.C.