## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>$29,035,500 IN ACCOUNT NUMBER )<br>20X6875(06), HELD IN THE NAME OF )<br>U.S. CUSTOMS SUSPENSE ACCOUNT )<br>AT THE FEDERAL RESERVE BANK )<br>OF NEW YORK, et al. )<br>)<br>Defendants ) | Civil Action No. 3:01cv01515 (EBB) |

### AGREED ORDER

This matter is presently before the Court following a telephonic hearing held Friday, March 18, 2005, at 4:00 p.m. Eastern Standard Time, at which the parties addressed various discovery disputes that were pending by motion before the Court. Prior to, and during, the telephonic hearing, the parties reached various agreements regarding scheduling and discovery which the Court has considered and finds well-taken, and which should be memorialized by Order of the Court.

Accordingly, it is

ORDERED:

1. All current scheduling deadlines, with the exception of the September 9, 2005, trial date, are hereby suspended pending further order of the Court.

2. A telephonic scheduling conference is hereby set to take place on May 16, 2005, at 10:00 a.m. Eastern Daylight Time.  Counsel for the Receiver-Claimants will arrange for the

conference and notify the Court and counsel for all parties of the information necessary for participation by telephone.

3. Discovery may continue subject to the terms of this Order. All depositions noticed to date in this matter by Peoples Benefit Life Insurance Company, Veterans Life Insurance Company, and Huff-Cook, Inc./Settlers Life Insurance Company (collectively the "Third-Party Claimants") are hereby adjourned pending further order of the Court. No substantive depositions will go forward in the case at this time.

4. The Third-Party Claimants may proceed with non-substantive depositions of third-party records custodians that it deems necessary in order to authenticate records produced to it in response to subpoena, if the Receiver-Claimants will not otherwise stipulate to the authenticity of those documents and when no affidavit authenticating such records can be obtained from the producing third party. Any such depositions of records custodians shall be arranged by the Third-Party Claimants such that the parties to this matter can participate by telephone, if they so elect.

5. The parties will work in good faith to reach a set of stipulations concerning various accounting transfers previously addressed by the Third-Party Claimants in the format of admission requests to the Receiver-Claimants. By April 15, 2005, the parties shall have reached all such stipulations possible in writing, in a format such that they may form part of any pretrial order that may be entered in this matter at a later date.

6. The Third-Party Claimants will proceed to schedule the depositions of federal prisoners Martin Frankel, Sonia Howe, Karen Timmins (in home-confinement), John Hackney, and Gary Atnip for a time no earlier than June 2005. Any of the parties may seek a further continuance of the depositions. The mere fact that the depositions have already been scheduled for June 2005,

or any other date, shall not serve as a basis for argument that the depositions should go forward.

7. Should any party attempt to propound or schedule any further discovery matters not specifically addressed herein, all other parties are free to move the Court to limit such matters.

SO ORDERED, this _____ day of March, 2005.

_____
UNITED STATES DISTRICT JUDGE

AGREED:

_____
Counsel for Third-Party Claimants - Brian I. Hays

_____
Counsel for Receiver-Claimants - Douglas S. Skalka

_____
Asst United States Attorney