# EXHIBIT 6

## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 2004-TS-00617

**HUFF-COOK, INC., PEOPLES BENEFIT LIFE
INSURANCE COMPANY, and VETERANS
LIFE INSURANCE COMPANY**                                      **APPELLANTS**

**vs.**

**GEORGE DALE, COMMISSIONER OF INSURANCE
OF THE STATE OF MISSISSIPPI**                                 **APPELLEE**

### RESPONSE IN OPPOSITION TO
### APPELLANTS' MOTION FOR STAY PENDING APPEAL

**SUBMITTED BY:**

**CHARLES G. COPELAND (MSB #6516)
REBECCA BLUNDEN (MSB #99611)
Copeland, Cook, Taylor & Bush, P.A.
P.O. Box 6020
Ridgeland, MS 39158
Telephone: (601) 856-7200
Facsimile: (601) 856-7626
ATTORNEYS FOR APPELLEE**

# TABLE OF CONTENTS

PAGE

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

     I.     Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

     II.    Background of the Current Litigation . . . . . . . . . . . . . . . . . . . . . . . 3

     III.   Peoples-Veterans-Settlers Is Unable to Satisfy
               Any of the Elements Required to Grant a Stay . . . . . . . . . . . . . . . . . 6

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CERTIFICATE OF FILING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

EXHIBITS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

# TABLE OF AUTHORITIES

PAGE

## Cases

*Hilton v. Braunskill*, 481 U.S. 770 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Illinois Cent. R. Co. v. Winters*, 815 So. 2d 1168 (Miss. 2002) . . . . . . . . . . . . . . . . . . 6

*In re Estate of Taylor*, 539 So. 2d 1029 (Miss. 1989) . . . . . . . . . . . . . . . . . . . . . . . . 6

*In re Liquidation of Security Casualty Co.*, 537 N.E.2d 775 (Ill. 1989) . . . . . . . . . . . . 8

*In re Thomson*, 666 So. 2d 464 (Miss. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Nichols v. Tubb,* 609 So. 2d 377(Miss. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Northwestern Nat'l Ins. Co. v. Kezer*, 812 P.2d 688 (Colo. Ct. App. 1990) . . . . . . . . 8

*River City Bank v. DeBenedetti*, 752 P.2d 1305 (Or. Ct. App. 1988) . . . . . . . . . . . . . 9

*Swiss Re Life Co. America v. Gross*, 479 S.E.2d 857 (Va. 1997) . . . . . . . . . . . . . . . . 9

## Statutes and Rules

Miss. Code Ann. § 83-24-3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Miss. Code Ann. § 83-24-83 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Miss. R. App. P. 8(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## Other Authorities

30 Am. Jr. 2d Executions and Enforcement of Judgments § 38 . . . . . . . . . . . . . . . . . 7

## ARGUMENT

Appellee George Dale, Commissioner of Insurance of the State of Mississippi, in his official capacity as the Liquidator ("Liquidator") of First National Life Insurance Company of America ("FNL"), responds in opposition to the Motion for Stay Pending Appeal filed by the Appellants Huff-Cook, Inc. (formerly Settlers Life Insurance Company), Peoples Benefit Life Insurance Company, and Veterans Life Insurance Company (hereinafter collectively referred to as "Peoples-Veterans-Settlers"), and respectfully requests that this Court deny the Motion to Stay.  In support of his opposition, the Liquidator would show unto this Court the following:

## I.
## Introduction

### 1.

Peoples-Veterans-Settlers's Motion for Stay Pending Appeal arises out of the FNL Liquidation Estate, which is currently proceeding in the Chancery Court of Hinds County, Mississippi.  The liquidation of FNL was caused by a fraudulent scheme, masterminded by Martin Frankel ("Frankel"), to (1) acquire insurance companies, (2) loot their reserve assets, (3) launder the assets, and (4) use the funds for Frankel's personal benefit and the personal benefit of individual co-conspirators who were involved in the scheme under his direction.  FNL is one of seven insurance companies that's reserves were looted as part of Frankel's scheme.[1]

### 2.

As part of his scheme, Frankel instructed his individual co-conspirators at companies such as FNL to cause the companies to enter into reinsurance deals with other insurers, thus bringing more funds into the Frankel-controlled companies.    Once monetary

---

[1] Over $161 million was stolen by Frankel from Mississippi-based insurance companies.  Like FNL, Franklin Protective Life Insurance Company and Family Guaranty Life Insurance Company are in liquidation proceedings in the Chancery Court of Hinds County, Mississippi.

consideration for a particular block of reinsurance business was paid into a Frankel-controlled company, Frankel then stole those funds. He laundered the funds and used them for his own personal benefit and for the personal benefit of his individual co-conspirators.

3.

Shortly after Frankel's scheme and the looting of FNL and the other companies was discovered, the Liquidator instituted an action against FNL for Rehabilitation. On May 10, 1999, the Chancery Court for Hinds County entered an Order of Rehabilitation, appointing Commissioner Dale to act as the Rehabilitator and vesting all assets of FNL in Commissioner Dale as Rehabilitator.[2]

4.

In May 1999, apparently due to the investigation started by the Liquidator, Frankel fled the United States.

5.

On June 29, 1999, the Chancery Court entered a Final Order of Liquidation and Finding of Insolvency for FNL. This Order appointed Mississippi's Commissioner of Insurance George Dale to his role as Liquidator for FNL, with his powers and responsibilities detailed by §§ 83-24-1 *et seq.* of the Mississippi Code and other applicable laws. As part of the FNL Liquidation process, the Liquidator began marshaling the assets of FNL and accepting and prioritizing claims filed in the FNL Liquidation Estate pursuant to Mississippi's statutory scheme.

6.

Some of the money Frankel stole from FNL and property purchased with the money

---

[2] This Order of Rehabilitation was a full year before Peoples-Veterans-Settlers sought to intervene in the forfeiture actions pending in Connecticut, contrary to the mere two months asserted in the Affidavit of Alex A. Alston, Jr. *See* PVS-MOTION AT TAB 2, ¶ 6.

Frankel stole from FNL has been located.   There have been ten separate forfeiture proceedings instituted by the federal government as part of its seizure of these properties. TAB A, AFFIDAVIT OF REBECCA BLUNDEN, AT ¶3.  In each of these forfeiture proceedings, the Liquidator has asserted his claim to the forfeited properties based primarily on the FNL Liquidation Estate's status as an innocent owner of all or a part of the forfeited properties pursuant to 18 U.S.C. § 983(d).  ID. AT ¶ 4.  The Liquidator is but one of a number of claimants who asserted ownership in the forfeited properties.  ID. AT ¶ 5.

7.

Two of the forfeiture proceedings have been resolved, while the remaining eight are currently pending in the United States District Court for the District of Connecticut.  ID. AT ¶¶ 3, 6.  The United States District Court for the District of Connecticut has the power to disburse the forfeited properties to any (or none) of the claimants in these eight proceedings.   The stay requested by Peoples-Veterans-Settlers would prevent the Liquidator from using the Chancery Court's judgment to assert FNL's claim to some or all of the forfeited properties.  The requested stay, however, will not in any way prevent other claimants from seeking possession of the forfeited properties nor will it prevent the Connecticut court from disbursing some or all of the forfeited properties to the other claimants.  ID. AT ¶ 7.

## II.
## Background of the Current Litigation

8.

Peoples-Veterans-Settlers are ceding insurers who paid amounts to FNL in consideration of FNL reinsuring policies issued by Peoples-Veterans-Settlers.[3]  Peoples-Veterans-Settlers filed claims in the Liquidation Estate for the amounts paid to FNL and the

---

[3] In late 1998 and early 1999, in a series of transactions, Peoples-Veterans-Settlers transferred into FNL's general account at First Tennessee Bank amounts totaling approximately $60 million.  PVS-MOTION AT TAB 2-A AT ¶¶ 23, 49.

Liquidator accepted and classified the claims as Class 6 priority which, pursuant to Miss. Code Ann. §83-24-83(b), covers claims of "ceding" insurance companies. PVS-MOTION AT TAB 3 AT 3.(a).

9.

Rather than proceed to a hearing regarding their claims and follow the normal course of the statutory scheme, Peoples-Veterans-Settlers filed a Petition for Declaratory Relief in the Chancery Court of Hinds County on March 11, 2002, in which they asserted that they were entitled to have constructive trusts established in their favor regarding certain assets of the Liquidation Estate. PVS-MOTION AT TAB 2-A. In addition, Peoples-Veterans-Settlers alternatively claimed that they were entitled to a priority level above Class 6 for the distribution of the Liquidation Estate assets. ID. The claims in the Declaratory Petition filed by Peoples-Veterans-Settlers are identical to the claims that they filed as part with the FNL Liquidator pursuant to the statutory liquidation process.

10.

On September 15, 2003, the Liquidator filed a Motion for Judgment on the Pleadings as to the Petition for Declaratory Relief filed by Peoples-Veterans-Settlers. PVS-MOTION AT TAB 3. A hearing was held on this Motion on January 21, 2004, and oral argument was presented by counsel for all parties.

11.

On February 3, 2004, the Chancery Court entered an Order Granting Motion for Summary Judgment, dismissing the claims of Peoples-Veterans-Settlers and finding, as a matter of law, that the funds Peoples-Veterans-Settlers willingly transferred to FNL's general account at First Tennessee Bank belong to the FNL Liquidation Estate. PVS-MOTION AT TAB 1. Since the Chancery Court determined that the funds Frankel stole from FNL's general account belong to FNL, the theory of a constructive trust in favor of Peoples-Veterans-Settlers is inapplicable. ID. The Chancery Court determined that Peoples-

Veterans-Settlers are no different than any other claimants to the FNL Liquidation Estate and therefore subject to Mississippi's insurance liquidation statutes. ID. Based on these legal findings, the Liquidator was granted summary judgment. ID.

12.

On February 17, 2004, this Court entered a Rule 54(b) Final Judgment Dismissing the Claims of Peoples-Veterans-Settlers ("Final Judgment").

13.

On March 4, 2004, Peoples-Veterans-Settlers filed a Motion for Stay Pending Appeal pursuant to Rule 62(a) of the Mississippi Rules of Civil Procedure. PVS-MOTION AT TAB 4 AND TAB 6. Peoples-Veterans-Settlers sought an order staying enforcement of the Final Judgment pending this appeal and requested that the Chancery Court stay "any attempted use of such Final Judgment in any proceeding, court or administrative agency whatsoever." PVS-MOTION AT TAB 4. On March 19, 2004, the Liquidator filed his Response to Peoples-Veterans-Settlers's Motion for Stay Pending Appeal. PVS-MOTION AT TAB 5. On March 22, 2004, Peoples-Veterans-Settlers filed their Reply in Support of Motion for Stay Pending Appeal. PVS-MOTION AT TAB 6. That same day, the Chancery Court heard oral argument from all parties on the issue of the requested stay.

14.

On April 27, 2004, the Chancery Court denied the Motion to Stay filed by Peoples-Veterans-Settlers, finding "that a stay is not warranted." PVS-MOTION AT TAB 7. In reaching its decision, the Chancery Court determined that the harm that the requested stay would cause the Liquidator is greater than the harm that the denial of the stay might cause Peoples-Veterans-Settlers. ID. The Honorable William Singletary held that "[t]he stay requested by Peoples-Veterans-Settlers would cause a further delay in the ultimate resolution of this case." ID. The Chancery Court refused to "grant a stay which would further frustrate the Liquidator's attempts to collect and marshal the asserts of the

-5-

Liquidation Estate," noting that granting Peoples-Veterans-Settlers's motion would "risk dissipation of the asserts of the Liquidation Estate by claims of other parties in the time pending appeal." ID.

### III.

### Peoples-Veterans-Settlers Is Unable to Satisfy Any of the Elements Required to Grant a Stay

### 15.

Peoples-Veterans-Settlers seeks relief from this Court pursuant to Rule 8(c) of the Mississippi Rules of Appellate Procedure, which provides the manner in which a party may petition a Mississippi appellate court for a stay of the enforcement of a judgment. MISS. R. APP. P. 8(c) (2003). Rule 8(c) is based on Rule 8 of the Federal Rules of Appellate Procedure. ID. at comment. Only two reported Mississippi cases address Rule 8(c): *In re Thomson*, 666 So. 2d 464 (Miss. 1995) and *In re Estate of Taylor*, 539 So. 2d 1029 (Miss. 1989). Neither of these cases provides guidance regarding when a stay, such as the one requested by Peoples-Veterans-Settlers, should be granted. When Mississippi's appellate courts have not addressed a certain issue related to a procedural rule, Mississippi courts will "follow[] the reasoning of federal courts in interpreting the Federal Rules of Civil Procedure where the rules implicated are identical to our rules . . . ." *Illinois Cent. R. Co. v. Winters*, 815 So. 2d 1168, 1172 (Miss. 2002). *See also Nichols v. Tubb*, 609 So. 2d 377, 383 (Miss. 1992) (directing Mississippi courts to construe Mississippi's procedural rules in accordance with the manner in which the Federal courts construe their procedural rules).

### 16.

Before a stay can be granted, the party seeking the stay must establish four elements:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
> (2) whether the applicant will be irreparably injured absent a stay;

(3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and
(4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (noting that the elements required for granting a stay are the same whether the stay is sought in the trial court or the appellate court). The failure to establish even one of these factors or elements results in the denial of the stay request. 30 Am. Jr. 2d EXECUTIONS AND ENFORCEMENT OF JUDGMENTS § 38. Since Peoples-Veterans-Settlers is unable to satisfy any of the four required elements, their request that the Chancery Court's decision be stayed pending the outcome of this appeal should be denied.

17.

The first factor requires Peoples-Veterans-Settlers to convincingly establish that they are likely to succeed on the merits of their appeal. Since they are unable to accomplish this task, Peoples-Veterans-Settlers's request for a stay must be denied.

Peoples-Veterans-Settlers have legitimate claims to lodge with the FNL Estate, and they have filed proofs of claim noting that they are in the reinsurance category of claims. They are, however, displeased that the Mississippi Legislature has given a lower priority of distribution to reinsured insurers than to direct policyholders of FNL and the Guaranty Associations who protected those FNL policyholders. The money in issue flowed through FNL's general account, and it now must flow back through the FNL Estate. Under Mississippi law, this process must be done in accordance with the statutory order of priorities. MISS. CODE ANN. § 83-24-83.

Mississippi law provides that "[c]laims of general creditors including claims of ceding and assuming companies in their capacity as such" fall into Class 6 in the distribution priority scheme. MISS. CODE ANN. § 83-24-83(6). The claims asserted by the Peoples-Veterans-Settlers are based on events in which the Peoples-Veterans-Settlers were ceding insurers. As determined by the FNL Liquidator and the Chancery Court, Peoples-Veterans-

Settlers are Class 6 claimants.

Peoples-Veterans-Settlers's claims of fraud do not distinguish them in any fashion from other claimants who have filed proofs of claim with the FNL Liquidation Estate. FNL is in liquidation, and claims are being filed with its estate, solely because Martin Frankel defrauded all persons and entities who had dealings with FNL. This includes FNL's policyholders, creditors, suppliers, co-insurers, and others. The Mississippi statutory scheme provides no exception for persons or entities claiming to have been defrauded by an insurance company. To do so would obliterate the priority statute with regard to all claimants against a liquidation estate in cases such as this. In other words, Peoples-Veterans-Settlers's claims that they were defrauded in no way distinguish them from other claimants who have filed proofs of claim with the FNL Liquidation Estate. Rather, their claims of fraud demonstrate that Peoples-Veterans-Settlers are absolutely indistinguishable from any other claimants to the FNL Estate and are no more entitled to special priorities than any other claimants. All claimants – equally defrauded by Frankel's scheme – are equally subject to the statutory priorities regarding asset distribution as set forth by the Mississippi legislature.

The claims advanced by Peoples-Veterans-Settlers in support of circumvention of the Mississippi priority statute are neither novel nor unique. Parties in other jurisdictions have attempted the same arguments without success. *In re Liquidation of Security Casualty Co.*, 537 N.E.2d 775, 781 (Ill. 1989) (equitable relief different from that provided by the comprehensive statutory scheme was not available, and the effect of the statutory scheme could not be avoided by imposing a constructive trust on the company's assets) and *Northwestern Nat'l Ins. Co. v. Kezer*, 812 P.2d 688, 690 (Colo. Ct. App. 1990) ("specific and comprehensive" statute classifying claims left "no room for the judiciary to add to the type of claims to be preferred or to establish a method of preference not created by the statute."). In other words, equity cannot be invoked to permit a party to avoid what

became an ill-advised business transaction, particularly when that party is an insurer, experienced in its own right in dealing with industry matters such as reinsurance agreements. *See Swiss Re Life Co. America v. Gross*, 479 S.E.2d 857, 861 (Va. 1997) (no equitable claim of priority for experienced reinsurer such as to boost its unsecured claim ahead of policyholders).

Equitable remedies are simply not available to creditors who are unhappy with the Mississippi legislature's classification of their claims within the insurance liquidation estate priority statute. The statute nowhere provides for this express list of priorities to be circumvented by equitable remedies such as constructive trusts, either by removing assets entirely from a liquidation estate and thereby granting any claimant a "super-priority," or by raising an otherwise Class 6 priority to some higher level. Since statutes governing priority of payments are to be construed as intended and not in a manner which would defeat the legislative purpose, Peoples-Veterans-Settlers is unable to make the required strong showing that they will succeed on the merits of this appeal. As a result, their request that the judgment of the Chancery Court be stayed pending this appeal must be denied.

18.

In order to obtain a stay, Peoples-Veterans-Settlers must also show that they will be irreparably damaged if their Motion for Stay Pending Appeal is not granted. So long as an adequate remedy at law exists, Peoples-Veterans-Settlers will not suffer irreparable injury in the absence of a stay. *River City Bank v. DeBenedetti*, 752 P.2d 1305, 1308 (Or. Ct. App. 1988) (holding that the movant had an adequate remedy at law in California and therefore would not suffer irreparable injury in the absence of a stay).

Peoples-Veterans-Settlers claims that if the forfeiture proceedings are resolved and the seized properties are completely disbursed before this Court renders its decision in this appeal and if this Court's decision reverses the Chancery Court's judgment and Peoples-

Veterans-Settlers is then successful at trial before the Chancery Court, additional litigation may be required for Peoples-Veterans-Settlers to re-assert its claims over the forfeited properties. This conjecture ignores the reality that if Peoples-Veterans-Settlers is successful with this appeal and at the Chancery Court, any assets recovered by the Liquidator from the forfeiture proceedings in Connecticut will still be available to Peoples-Veterans-Settlers through the FNL Liquidation Estate. Therefore, as Peoples-Veterans-Settlers themselves admits with their reference to additional litigation, adequate legal remedies are available to Peoples-Veterans-Settlers should they ultimately find success.

Since adequate legal remedies are available to Peoples-Veterans-Settlers, they have failed to show that they will be irreparably damaged should the requested stay not be issued.

19.

The third element requires Peoples-Veterans-Settlers to establish that neither the Liquidator nor the intervening Guaranty Associations will be substantially injured as a result of the issuance of a stay. Peoples-Veterans-Settlers, however, is unable to satisfy this elements, and their motion should be denied.

The Chancery Court's order rejecting Peoples-Veterans-Settlers's attempts to acquire the assets of the Liquidation Estate for themselves is the present authority. The Liquidator would be substantially injured if he was unable to make the current state of the law of this Liquidation available to other courts and administrative agencies who have a legitimate interest in relying upon and coordinating with how the Chancery Court is administering the Liquidation Estate. Instead, by requesting a stay, Peoples-Veterans-Settlers seeks to leave the other forums acting in a vacuum.

-10-

Furthermore, the granting of a stay will delay, frustrate, and impede the Liquidator from fulfilling his statutory duty to collect and marshal the assets of the Liquidation Estate. Since claimants other than the Liquidator seek the forfeited properties, the requested stay will leave assets of the Liquidation Estate at risk from the claims of other parties. SEE TAB A AT ¶ 7.

Since a stay of the Chancery Court's Final Judgment will be detrimental to the Liquidator's duty to recover the assets of the Liquidation Estate, substantial injury will result. Therefore, this Court should deny the Motion for Stay Pending Appeal.

20.

The fourth and final element that must be established before a stay can be granted concerns the public interest. The public interest is not served by staying the Chancery Court's Final Judgment. Rather, the public's interest lies in permitting the Liquidator to rely on Mississippi's priority statute.

An orderly and efficient process for insurance company liquidation is critical to protection of a company's policyholders and the general public. In adopting a comprehensive system for insurance rehabilitation and liquidation, the Mississippi legislature has spoken: it is in the public's interest to "[l]essen[] the problems of . . . liquidation by . . . [p]roviding for a comprehensive scheme for the rehabilitation and liquidation of insurance companies . . . ." Miss. Code Ann. § 83-24-3 (e), (g). The only interests served by granting the requested stay are those of Peoples-Veterans-Settlers. The denial of such a stay, however, serves the public's interest by allowing the Liquidator,

-11-

a servant of the Mississippi people, to fully comply with the Legislature's mandate: marshal

the assets of an insolvent insurance company with all due haste.

## CONCLUSION

### 21.

Four distinct elements must be met before a stay of a judgment can be granted.

Since Peoples-Veterans-Settlers is unable to establish any of the required four elements,

their Motion for Stay Pending Appeal should be denied.


RESPECTFULLY SUBMITTED, this the ___11th___ day of June 2004.

**GEORGE DALE, Commissioner of
Insurance for the State of Mississippi,
acting in his official capacity as
Liquidator of First National Life Insurance
Company of America**

By: _____
      Charles G. Copeland (MB# 6516)
      Rebecca Blunden (MB# 99611)
      Copeland, Cook, Taylor & Bush, P.A.
      1062 Highland Colony Parkway
      200 Concourse, Suite 200
      Post Office Box 6020
      Ridgeland, Mississippi 39158
      Telephone: (601) 856-7200
      Facsimile: (601) 856-7626
      ATTORNEYS FOR THE FNL LIQUIDATOR

## CERTIFICATE OF FILING

I, Rebecca Blunden, do hereby certify that I have this day caused to be delivered, via courier, the original and four true and correct paper copies of the Appellee's Response in Opposition to Appellants' Motion for Stay Pending Appeal to:

Betty Sephton
Supreme Court Clerk
Supreme Court Clerk's Office
Carroll Gartin Justice Building
450 High Street
Jackson, MS 39201

This the   11th   day of June 2004.

REBECCA BLUNDEN

## CERTIFICATE OF SERVICE

I, Rebecca Blunden, do hereby certify that I have this day caused to mailed via United States Mail, first class, postage pre-paid, a true and correct copy of the Appellee's Response in Opposition to Appellants' Motion for Stay Pending Appeal to the following judge and counsel of record herein:

Honorable William H. Singletary
Chancery Court Judge
Fifth Judicial District
P.O. Box 686
Jackson, MS 39205-0686

Attorney for MLHGA
Kristina M. Johnson, Esq.
Watkins, Ludlam, Winter & Stennis
633 North State Street
Jackson, MS 39201

Attorneys for Peoples-Veterans-Settlers
Alex A. Alston, Jr.
Brunini, Grantham, Grower &
Hewes, PLLC
Post Office Drawer 119
Jackson, Mississippi 39205

Attorneys for NOLHIGA
C. York Craig, Jr.
Ricky G. Luke
Craig Hester Luke & Dodson
P.O. Box 12005
Jackson, MS 39236-2005

Forrest B. Lammiman
Lord, Bissell & Brook
115 S. LaSalle Street
Chicago, Illinois 60603

Charles T. Richardson
Baker & Daniels
805 15th Street, N.W., Suite 700
Washington, D.C. 20005

This __11th__ day of June 2004.

REBECCA BLUNDEN

-14-

# EXHIBITS

TAB

Affidavit of Rebecca Blunden  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Tab A

Docket for *United States of America v. One Parcel of Property
        Located at 889 Lake Avenue, Greenwich, Connecticut*;
        In the United States District Court, District of Connecticut,
        Civil No. 3:99cv00979 (EBB) . . . . . . . . . . . . . . . . . . . . . . . . . . . . Tab 1

Docket for *United States of America v. One Parcel of Property
        Located at 895 Lake Avenue, Greenwich, Connecticut*;
        In the United States District Court, District of Connecticut,
        Civil No. 3:99cv01772 (EBB) . . . . . . . . . . . . . . . . . . . . . . . . . . . . Tab 2

Docket for *United States of America v. $11,014,165.20 in U.S.
        Currency*; In the United States District Court, District
        of Connecticut, Civil No. 3:99cv02589 (EBB)  . . . . . . . . . . . . . . . . . . . . Tab 3

Docket for *United States of America v. One 1995 Turbo
        Commander Aircraft*; In the United States District Court,
        District of Connecticut, Civil No. 3:99cv02590 (EBB) . . . . . . . . . . . . . . . Tab 4

Docket for *United States of America v. One Parcel of Property
        Located at 1303 Signal Point Road, Guntersville, Alabama*;
        In the United States District Court, District of Connecticut,
        Civil No. 3:00cv00247 (EBB) . . . . . . . . . . . . . . . . . . . . . . . . . . . . Tab 5

Docket for *United States of America v. $665,626.36 in U.S.
        Currency et al.*; In the United States District Court, District
        of Connecticut, Civil No. 3:00cv02009 (EBB)  . . . . . . . . . . . . . . . . . . . . Tab 6

Docket for *United States of America v. $29,035,500.00 in Account
        Number 20X6875(06) et al.*; In the United States District
        Court, District of Connecticut, Civil No. 3:01cv01515 (EBB) . . . . . . . . . . . Tab 7

Docket for *United States of America v. 277 Diamonds Valued
 at Approximately $2,461,093.00; One (1) Pair of Diamond
 Earrings, Valued at Approximately $50,120.00; and One (1)
 Platinum and Diamond Ring Valued at Approximately
 $25,935.00*; In the United States District Court, District of
 Connecticut, Civil No. 3:02cv00889 (EBB)  . . . . . . . . . . . . . . . . . . . . . . .  Tab 8

Docket for *United States of America v. Various Computer and
 Electronic Equipment Valued at Approximately $1,263.00
 Seized from 889 Lake Avenue, Greenwich, Connecticut*;
 In the United States District Court, District of Connecticut,
 Civil No. 3:04cv00598 (JBA)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  Tab 9

Docket for *United States of America v. Real Property Known as
 211 Third Avenue South, Franklin Williamson County,
 Tennessee*; In the United States District Court, Middle
 District of Tennessee, Civil No. 3-00-0041 (Campbell)  . . . . . . . . . . . . .  Tab 10

## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 2004-TS-00617

**HUFF-COOK, INC., PEOPLES BENEFIT LIFE
INSURANCE COMPANY, and VETERANS
LIFE INSURANCE COMPANY**                                    **APPELLANTS**

**vs.**

**GEORGE DALE, COMMISSIONER OF INSURANCE
OF THE STATE OF MISSISSIPPI**                               **APPELLEE**

---

### AFFIDAVIT OF REBECCA BLUNDEN

---

STATE OF MISSISSIPPI

   Rebecca Blunden came before me, the undersigned authority for this jurisdiction, and having been duly sworn, stated on oath as follows:

1.   My name is Rebecca Blunden.  I am an attorney at Copeland, Cook, Taylor & Bush, P.A.  Along with Charles G. Copeland, I represent the Appellee George Dale, Commissioner of Insurance of the State of Mississippi ("Liquidator").

2.   I have personal knowledge of all the facts stated herein or have obtained knowledge based on the study of the dockets and records in the proceedings referenced herein.

3.   The following are forfeiture proceedings in which the Liquidator has asserted a claim.  Attached as Exhibits 1-10 to this Affidavit are the docket reports as of June 4, 2004 for each of these forfeiture proceedings.



a.  *United States of America v. One Parcel of Property Located at 889 Lake Avenue, Greenwich, Connecticut*; In the United States District Court, District of Connecticut, Civil No. 3:99cv00979 (EBB);

b.  *United States of America v. One Parcel of Property Located at 895 Lake Avenue, Greenwich, Connecticut*; In the United States District Court, District of Connecticut, Civil No. 3:99cv01772 (EBB);

c.  *United States of America v. $11,014,165.20 in U.S. Currency*; In the United States District Court, District of Connecticut, Civil No. 3:99cv02589 (EBB);

d.  *United States of America v. One 1995 Turbo Commander Aircraft*; In the United States District Court, District of Connecticut, Civil No. 3:99cv02590 (EBB);

e.  *United States of America v. One Parcel of Property Located at 1303 Signal Point Road, Guntersville, Alabama*; In the United States District Court, District of Connecticut, Civil No. 3:00cv00247 (EBB);

f.  *United States of America v. $665,626.36 in U.S. Currency et al.*; In the United States District Court, District of Connecticut, Civil No. 3:00cv02009 (EBB);

g.  *United States of America v. $29,035,500.00 in Account Number 20X6875(06) et al.*; In the United States District Court, District of Connecticut, Civil No. 3:01cv01515 (EBB);

h.   *United States of America v. 277 Diamonds Valued at Approximately $2,461,093.00; One (1) Pair of Diamond Earrings, Valued at Approximately $50,120.00; and One (1) Platinum and Diamond Ring Valued at Approximately $25,935.00;* In the United States District Court, District of Connecticut, Civil No. 3:02cv00889 (EBB);

i.   *United States of America v. Various Computer and Electronic Equipment Valued at Approximately $1,263.00 Seized from 889 Lake Avenue, Greenwich, Connecticut;* In the United States District Court, District of Connecticut, Civil No. 3:04cv00598 (JBA); and

j.   *United States of America v. Real Property Known as 211 Third Avenue South, Franklin Williamson County, Tennessee;* In the United States District Court, Middle District of Tennessee, Civil No. 3-00-0041 (Campbell).

4.   In each of these forfeiture proceedings, the Liquidator has asserted that the forfeited properties are asserts or proceeds of assets that were stolen from FNL and the other two Mississippi-based insurance companies that were looted by Frankel. The Liquidator has asserted that the FNL Liquidation Estate is the innocent owner of all or a part of the forfeited properties pursuant to 18 U.S.C. § 983(d). Based on this and other legal arguments, all or a part of the forfeited properties should be transferred to the FNL Liquidation Estate.

5.   In each of these forfeiture proceedings, a number of other claimants have asserted claims to the seized properties. SEE EXHIBITS 1-10.

6.  Two of the above-listed forfeiture proceedings have already been concluded:

    a.  *United States of America v. One Parcel of Property Located at 1303 Signal Point Road, Guntersville, Alabama*; In the United States District Court, District of Connecticut, Civil No. 3:00cv00247 (EBB) and

    b.  *United States of America v. Real Property Known as 211 Third Avenue South, Franklin Williamson County, Tennessee*; In the United States District Court, Middle District of Tennessee, Civil No. 3-00-0041 (Campbell).

7.  The United States District Court for the District of Connecticut, which is presiding over the remaining eight pending forfeiture proceedings, has not entered any Orders stating that it will not disburse some or all of the forfeited properties to any of the claimants due to the stay requested by Peoples-Veterans-Settlers in this litigation.

_____
REBECCA BLUNDEN

SWORN TO AND SUBSCRIBED BEFORE ME on this the ___11th___ day of June 2004.

_____
NOTARY PUBLIC

MISSISSIPPI STATEWIDE NOTARY PUBLIC
MY COMMISSION EXPIRES AUG. 14, 2007
BONDED THRU STEGALL NOTARY SERVICE

# U.S. District Court
## District of Connecticut (New Haven)
### CIVIL DOCKET FOR CASE #: 3:99-cv-00979-EBB

USA v. 889 Lake Ave
Assigned to: Judge Ellen Bree Burns
Referred to: Judge Donna F. Martinez
Demand: $0
Lead Docket: None
Related Cases: None
Case in other court: None
Cause: 28:1345 Complaint for Forfeiture

Date Filed: 05/25/99
Jury Demand: None
Nature of Suit: 690 Forfeit/Penalty: Other
Jurisdiction: U.S. Government Plaintiff

**Plaintiff**
-----------------------

USA                                                     represented by   **David X. Sullivan**
                                                                         U.S. Attorney's Office-NH
                                                                         157 Church St., 23rd floor
                                                                         PO Box 1824
                                                                         New Haven, CT 06510
                                                                         203-821-3700
                                                                         Fax : 203-773-5376
                                                                         Email: David.Sullivan@usdoj.gov
                                                                         *LEAD ATTORNEY*
                                                                         *ATTORNEY TO BE NOTICED*

                                                                         **John H. Durham**
                                                                         U.S. Attorney's Office-NH
                                                                         157 Church St., 23rd floor
                                                                         PO Box 1824
                                                                         New Haven, CT 06510
                                                                         203-821-3700
                                                                         Email: john.durham@usdoj.gov
                                                                         *LEAD ATTORNEY*
                                                                         *ATTORNEY TO BE NOTICED*

                                                                         **Julie G. Turbert**
                                                                         U.S. Attorney's Office-NH
                                                                         157 Church St., 23rd floor
                                                                         PO Box 1824
                                                                         New Haven, CT 06510
                                                                         203-821-3700x3104
                                                                         Fax : 203-773-5373
                                                                         Email: Julie.Turbert@usdoj.gov
                                                                         *LEAD ATTORNEY*
                                                                         *ATTORNEY TO BE NOTICED*

V.

**Defendant**
-----------------------

Property, Parcel of, 889 Lake Ave, Greenwich,      represented by   **Andrew W. Lester**
CT                                                                   Lester, Loving & Davies



SDSD District Version 1.3 - Docket Report

1505 Renaissance Blvd.
Edmond, OK 73013-3018
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Susan B. Loving
Lester Loving & Davies, P.C.
1701 South Kelly
Edmond, OK 73013
405-844-9900
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Claimant**
-----------------------

**Sundew Intl, LTD**

**Carroll Fisher,** *Rec, Farmer & Ranchers Life*
*Ins Co, fkna Farmers & Ranchers Life Ins Co*

represented by  Andrew W. Lester
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Douglas S. Skalka
Neubert, Pepe & Monteith
195 Church St.
13th Floor
New Haven, CT 06510-2026
203-821-2000
Email: dss@npmlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Susan B. Loving
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Anne B. Pope,** *Rec & Liquidator Franklin Am*
*Life Ins Co*

**George Dale,** *MI Comm*

represented by  Charles G. Copeland
Copeland, Cook, Taylor & Bush
200 Coucourse
1062 Highland Colony Parkway
Suite 200
Ridgeland, MS 39157
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Douglas S. Skalka
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

James A. Lenes
Neubert, Pepe & Monteith

195 Church St.
13th Floor
New Haven, CT 06510-2026
203-821-2000
Email: jal@npmlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Rebecca S. Jordan
Copeland, Cook, Taylor & Bush
200 Coucourse
1062 Highland Colony Parkway
Suite 200
Ridgeland, MS 39157
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Keith Wenzel,** *Rec, Intl Financial Svcs Life Ins*         represented by   **Douglas S. Skalka**
*Co*                                                                           (See above for address)
                                                                               *LEAD ATTORNEY*
                                                                               *ATTORNEY TO BE NOTICED*

                                                                               Patrick A. McInerney
                                                                               Blackwell Sanders Peper Martin, LLP
                                                                               2300 Main
                                                                               Suite 1100
                                                                               Kansas City, MO 64108
                                                                               *LEAD ATTORNEY*
                                                                               *ATTORNEY TO BE NOTICED*

**Mike Pickens,** *Rec, Old SW Life Ins Co*                   represented by   **Douglas S. Skalka**
                                                                               (See above for address)
                                                                               *LEAD ATTORNEY*
                                                                               *ATTORNEY TO BE NOTICED*

                                                                               James A. Lenes
                                                                               (See above for address)
                                                                               *LEAD ATTORNEY*
                                                                               *ATTORNEY TO BE NOTICED*

                                                                               Steve A. Uhrynowycz
                                                                               Arkansas Ins Dept
                                                                               1200 W. Third St.
                                                                               Room 340
                                                                               Little Rock, AR 72201-0104
                                                                               *LEAD ATTORNEY*
                                                                               *ATTORNEY TO BE NOTICED*

**Counter Claimant**
-----------------------

**Property, Parcel of, 889 Lake Ave, Greenwich,**
**CT**

V.

**Counter Defendant**
-----------------------

USA                                    represented by    **David X. Sullivan**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **John H. Durham**
                                                         (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

| Filing Date | # | Docket Text |
|---|---|---|
| 05/25/1999 | 1 | COMPLAINT for Forfeiture (Ruocco, M.) (Entered: 05/26/1999) |
| 05/25/1999 | 2 | LIS PENDENS by USA . True attested copies handed to counsel. (Ruocco, M.) (Entered: 05/26/1999) |
| 06/01/1999 | 3 | ORDER referring Notice of Probable Cause Hearing to Magistrate Judge Donna F. Martinez for a hearing and ruling (signed by Judge Robert N. Chatigny ) (Grady, B.) (Entered: 06/01/1999) |
| 08/26/1999 | 4 | Probable Cause hearing held ( DFM) (Grady, B.) (Entered: 08/27/1999) |
| 08/31/1999 | 5 | LETTER dated 08/29/99 Regarding Mark C. Durkin having no authority to accept service on behalf of Sundew by Sundew Intl, LTD (Grady, B.) (Entered: 09/14/1999) |
| 09/10/1999 |   | ENDORSEMENT re: [5-1] letter regarding Mark C. Durkin having no authority to accept service on behalf of Sundew ( signed by Mag. Judge Donna F. Martinez ) (Grady, B.) (Entered: 09/14/1999) |
| 09/10/1999 | 6 | Probable Cause hearing held ( DFM) (Grady, B.) (Entered: 09/14/1999) |
| 09/10/1999 | 7 | Marked Exhibit List as to USA (Grady, B.) (Entered: 09/14/1999) |
| 09/10/1999 | 8 | Marked Exhibit and Witness List as to USA (Grady, B.) (Entered: 09/14/1999) |
| 09/23/1999 | 9 | Probable Cause hearing held ( DFM) (Grady, B.) (Entered: 10/25/1999) |
| 10/25/1999 | 10 | AFFIDAVIT of Service of Marsha A.C. Corea by USA Re [9-1] hearing, [2-1] lis pendens, [1-1] modifier complaint (Grady, B.) (Entered: 10/26/1999) |
| 10/27/1999 | 11 | MEMORANDUM in support of sufficiency of service by USA, re: [9-1] hearing (Grady, B.) (Entered: 10/28/1999) |
| 10/27/1999 | 12 | Probable Cause hearing held ( RNC) (Grady, B.) (Entered: 10/28/1999) |
| 11/12/1999 | 13 | MOTION by USA to Seal Marshal's Return of Warrant of Arrest in Rem (Grady, B.) |

| | | |
|---|---|---|
| | | (Entered: 11/15/1999) |
| 11/12/1999 | 14 | AFFIDAVIT of Marsha A. C. Corea by USA Re [13-1] motion to Seal Marshal's Return of Warrant of Arrest in Rem (Grady, B.) (Entered: 11/15/1999) |
| 11/16/1999 | | ENDORSEMENT granting [13-1] motion to Seal Marshal's Return of Warrant of Arrest in Rem ( signed by Judge Robert N. Chatigny ) (Grady, B.) (Entered: 11/16/1999) |
| 11/16/1999 | 15 | MARSHAL'S return of service on Warrant of Arrest in Rem executed as to USA on 11/04/99 (FILED UNDER SEAL) (Grady, B.) (Entered: 11/16/1999) |
| 01/14/2000 | 16 | ORDER REFERRING CASE to Mag. Judge Donna F. Martinez ( signed by Judge Robert N. Chatigny ) (Grady, B.) (Entered: 01/14/2000) |
| 02/15/2000 | 17 | CLAIM for property by Carroll Fisher (Bauer, J.) (Entered: 02/17/2000) |
| 02/15/2000 | 18 | CLAIM for property by Anne B. Pope (Bauer, J.) (Entered: 02/17/2000) |
| 02/15/2000 | 19 | CLAIM for property by George Dale (Bauer, J.) (Entered: 02/17/2000) |
| 02/15/2000 | 20 | CLAIM for property by Keith Wenzel (Bauer, J.) (Entered: 02/17/2000) |
| 02/18/2000 | 21 | CLAIM for property by Mike Pickens (Bauer, J.) (Entered: 02/23/2000) |
| 03/06/2000 | 22 | ANSWER and AFFIRMATIVE DEFENSES to Complaint by Carroll Fisher (Grady, B.) (Entered: 03/07/2000) |
| 03/06/2000 | 23 | ANSWER and COUNTERCLAIM by Keith Wenzel against USA (Grady, B.) (Entered: 03/08/2000) |
| 03/06/2000 | 24 | ANSWER and COUNTERCLAIM by Anne B. Pope against USA (Grady, B.) (Entered: 03/08/2000) |
| 03/07/2000 | 25 | APPEARANCE of Attorney for George Dale -- James A. Lenes (Grady, B.) (Entered: 03/09/2000) |
| 03/07/2000 | 26 | ANSWER and COUNTERCLAIM by George Dale against USA (Grady, B.) (Entered: 03/09/2000) |
| 03/09/2000 | 27 | ANSWER to Complaint by Mike Pickens (Grady, B.) (Entered: 03/14/2000) |
| 03/09/2000 | 28 | APPEARANCE of Attorney for Mike Pickens -- Douglas S. Skalka (Grady, B.) (Entered: 03/15/2000) |
| 03/20/2000 | 29 | MOTION by George Dale for Leave to Add the rehabilitation and liquidation orders as exhibits to the answer (Grady, B.) (Entered: 03/22/2000) |
| 03/22/2000 | 30 | SUPPLEMENT TO ANSWER to Complaint by Carroll Fisher (Former Employee) |

SDSD District Version 1.3 - Docket Report

| | | |
|---|---|---|
| | | (Entered: 03/23/2000) |
| 03/28/2000 | 31 | AFFIDAVIT of Andrew B. Campbell (Grady, B.) (Entered: 03/31/2000) |
| 04/25/2000 | | ENDORSEMENT denying [29-1] motion for Leave to Add the rehabilitation and liquidation orders as exhibits to the answer ( signed by Judge Robert N. Chatigny ) (Grady, B.) (Entered: 04/26/2000) |
| 05/16/2000 | 32 | MOTION by George Dale for Charles G. Copeland to Appear Pro Hac Vice (Grady, B.) (Entered: 05/17/2000) |
| 05/16/2000 | 33 | AFFIDAVIT of Charles G. Copeland by George Dale Re [32-1] motion for Charles G. Copeland to Appear Pro Hac Vice (Grady, B.) (Entered: 05/17/2000) |
| 05/16/2000 | 34 | MOTION by George Dale for Rebecca S. Jordan to Appear Pro Hac Vice (Grady, B.) (Entered: 05/17/2000) |
| 05/16/2000 | 35 | AFFIDAVIT of Rebecca S. Jordan by George Dale Re [34-1] motion for Rebecca S. Jordan to Appear Pro Hac Vice (Grady, B.) (Entered: 05/17/2000) |
| 05/18/2000 | 36 | MOTION by USA to Transfer Case (Brief Due 6/8/00 ) (Grady, B.) (Entered: 05/18/2000) |
| 05/19/2000 | 37 | ORDER of Transfer ( signed by Judge Robert N. Chatigny ) to Senior Judge Ellen Bree Burns (Former Employee) (Entered: 05/23/2000) |
| 05/22/2000 | | ENDORSEMENT ordered accordingly [32-1] motion for Charles G. Copeland to Appear Pro Hac Vice (signed by Clerk) (Grady, B.) (Entered: 05/22/2000) |
| 05/22/2000 | | ENDORSEMENT ordered accordingly [34-1] motion for Rebecca S. Jordan to Appear Pro Hac Vice (igned by Clerk) (Grady, B.) (Entered: 05/22/2000) |
| 05/24/2000 | | ENDORSEMENT granting [36-1] motion to Transfer Case ( signed by Judge Robert N. Chatigny ) (Former Employee) (Entered: 05/25/2000) |
| 06/14/2000 | 38 | MOTION by Mike Pickens for Steven Uhrynowcyz to Appear Pro Hac Vice (Brown, S.) (Entered: 06/14/2000) |
| 06/14/2000 | | ENDORSEMENT re: [38-1] motion for Steven Uhrynowcyz to Appear Pro Hac Vice ordered accordingly ( signed by Clerk ) (Brown, S.) (Entered: 06/14/2000) |
| 06/26/2000 | 39 | MOTION by Carroll Fisher for Susan B. Loving to Appear Pro Hac Vice (Warner, R.) (Entered: 06/27/2000) |
| 06/26/2000 | 40 | MOTION by Carroll Fisher for Andrew W. Lester to Appear Pro Hac Vice (Warner, R.) (Entered: 06/27/2000) |
| 06/28/2000 | | ENDORSEMENT [40-1] motion for Andrew W. Lester to Appear Pro Hac Vice ordered accordingly ( signed by Clerk ) (Warner, R.) (Entered: 06/28/2000) |
| | | |