## IN THE CHANCERY COURT OF THE FIRST JUDICIAL DISTRICT
## OF HINDS COUNTY, MISSISSIPPI

**GEORGE DALE, COMMISSIONER OF**          **PLAINTIFF,**
**INSURANCE OF THE STATE OF MISSISSIPPI,**

**V.**                         **CIVIL ACTION NO. G99-908S2**

**FIRST NATIONAL LIFE INSURANCE COMPANY**
**OF AMERICA, A MISSISSIPPI DOMICILED**
**INSURANCE COMPANY,**                 **DEFENDANT.**

## REQUEST FOR RULING AND RESPONSE OF THE LIQUIDATOR IN OPPOSITION
## TO MOTION FOR VOLUNTARY DISMISSAL

George Dale, Commissioner of Insurance of the State of Mississippi, in his official capacity as the Liquidator ("Liquidator") of First National Life Insurance Company of America ("FNL"), files this request for a ruling and response in opposition to the motion for voluntary dismissal without prejudice filed by Huff-Cook, Inc., Peoples Benefit Life Insurance Company, and Veterans Life Insurance Company ("Peoples-Veterans-Settlers") regarding their Petition for Declaratory Relief.

### I.    Introduction

The motion for voluntary dismissal without prejudice filed by Peoples-Veterans-Settlers is based on a series of incorrect representations to this Court about the status of federal forfeiture proceedings in Connecticut concerning assets seized from Martin Frankel, as the nominal owner of those assets. The motion also proceeds on an incorrect interpretation of the Mississippi Supreme Court's May 5, 2005, Order vacating (not reversing) this Court's earlier ruling solely on procedural grounds, without comment on the merits.

As is more fully discussed below, the issues being briefed in the federal forfeiture case are issues raised by the Liquidator of FNL on motions to dismiss the claims of Peoples-Veterans-Settlers in those proceedings, primarily on grounds that this Court is the appropriate court to resolve those

claims. In fact, this Court is the forum that possesses exclusive jurisdiction to resolve those claims, as previously recognized by the United States Court of Appeals for the Second Circuit, when it declined to allow Peoples and Veterans to intervene in two other such forfeiture cases. *United States v. Peoples Benefit Life Ins. Co.*, 271 F.3d 411, 415-17 (2d Cir. 2001).

The Mississippi Supreme Court's order vacating this Court's earlier grant of summary judgment addressed nothing more than a strict interpretation of the notice provisions of Miss. R. Civ. P. 12 and 56. There was no reversal on the merits of this Court's decision and no comment on the merits of the issues before the Court. There was no comment on the propriety of judgment as a matter of law as against Peoples-Veterans-Settlers, other than on the basis that the Supreme Court intends to strictly apply the notice provisions of Rules 12 and 56.

Accordingly, the Liquidator's motion for judgment on the pleadings is again pending and awaits a ruling under Miss. R. Civ. P. 12(c). *See Bolls v. Harris*, 528 So. 2d 1128, 1129 (Miss. 1988)(appellate court vacation of trial court order on procedural grounds regarding Rule 6(d) notice of hearing restored the substantive motion to the trial court's active docket for decision and consideration of merits of motion).

It is not appropriate under these circumstances to allow a voluntary dismissal by Peoples-Veterans-Settlers, simply so that they can attempt to avoid re-entry of an adverse judgment against them on the merits under Rule 12(c). Moreover, regardless of whether the Peoples-Veterans-Settlers Declaratory Petition is dismissed, this Court must still enter a ruling regarding determination of the Peoples-Veterans-Settlers proofs of claim which were filed with the Liquidator. The Liquidator requested such relief in response to the Declaratory Petition and in his Rule 12(c) motion. That request for relief by the Liquidator cannot be voluntarily dismissed by Peoples-Veterans-Settlers, and

a ruling on the merits of their claims should be issued in accord with this Court's previous holding.

## II.     Voluntary Dismissal Without Prejudice of the Declaratory Petition Is Inappropriate

### A.     The Standard For Voluntary Dismissal Under Rules 41 And 66

"Under Rule 41(a)(2), a motion for dismissal is addressed to the sound discretion of the trial court." *Smith v. H.C. Bailey Cos.*, 477 So. 2d 224, 230 (Miss. 1985). In considering a motion for voluntary dismissal, the court must look to "the effect that the action will have upon the defendants . . . and must insure fairness and protection for them," considering whether other parties' rights will be prejudiced by the dismissal. *Id.* A motion for voluntary dismissal should be denied where a dismissal would affect other parties' rights to achieve final adjudication of all issues and where a dismissal would adversely affect a defendant's right to prevent nonjoinder of all parties necessary to a complete decision on the claims at issue. *Id.*

The prejudice of allowing a voluntary dismissal increases the more advanced a lawsuit becomes, and courts have held that it is improper to allow such a dismissal "when the defendant is entitled to a judgment as a matter of law and the motion is made to avert such judgment." *Shepherd v. Delta Medical Center*, 502 So. 2d 1188, 1191 (Miss. 1987) (internal citations omitted). As stated in *Radiant Technology Corp. v. Electrovert USA Corporation*, 122 F.R.D. 201, 203 (N.D. Tex. 1988), dismissal should be denied

> where the defendant demonstrates: (1) that dismissal will preclude the court from deciding a pending case or claim-dispositive motion; or (2) that there is an objectively reasonable basis for requesting that the merits of the action be resolved in this forum in order to avoid legal prejudice.

*Radiant Technology*, 122 F.R.D. at 203.

Additional considerations are applicable when an action involves an appointed Receiver. In

3

that regard, Miss. R. Civ. P. 66 provides that "[a]n action wherein a receiver has been appointed shall not be dismissed except by order of the court." Miss. R. Civ. P. 66. The comment to Rule 66 states, in relevant part:

> When litigation has reached the point that appointment of a receiver is necessitated and one is appointed, then the court has taken such an active involvement in the action that *it must, in the interest of guaranteeing equal security for all parties, ensure that the action is not concluded until the object of the receivership is adjudicated.*

Comment, Miss. R. Civ. P. 66, "Receivers" (emphasis added).

### B. Allowing Voluntary Dismissal Without Prejudice At This Stage Would Prejudice the FNL Liquidator And Violate the Considerations of Rule 66

#### 1. Status Of Proceedings In the Federal Forfeiture Actions

The motion filed by Peoples-Veterans-Settlers contains several gross mischaracterizations of the pending federal forfeiture proceedings in Connecticut in which they have filed claims.

There are two federal forfeiture cases currently pending before Judge Ellen Bree Burns in Connecticut, involving assets of FNL that were seized as a result of the activities of Martin Frankel and his co-conspirators, and in which Peoples-Veterans-Settlers have filed claims. They are *United States v. 277 Diamonds Valued At Approximately $2,461,093.00, et al.,* Civil Action No. 3:02cv00889 (EBB) and *United States v. $29,035,500.00 In Account Number 20X6875(06), Held In the Name Of U.S. Customs Suspense Account At the Federal Reserve Bank of New York, et al.,* Civil Action No. 3:01cv01515 (EBB).

In a December 2004 status conference in those two federal forfeiture cases, the Liquidator agreed that a scheduling order should be entered. It is farfetched to argue, as do Peoples-Veterans-Settlers, that agreement to entry of a scheduling order in an action constitutes substantive agreement

that the Peoples-Veterans-Settlers claims in that action are appropriate or that they involve factual

issues that should be tried by the federal court. In fact, the opposite is true.

On the motion deadline set in the scheduling order entered December 16, 2004, the

Liquidator for FNL, along with the Receivers of six other insurance companies directly looted by

Martin Frankel, filed motions to dismiss the claims of Peoples-Veterans-Settlers in those forfeiture

cases. The grounds for the motions to dismiss include:

- that Peoples-Veterans-Settlers lack standing to assert claims in the forfeiture cases
  regarding assets looted from FNL, per the prior decision of the United States Court
  of Appeals for the Second Circuit in two other consolidated federal forfeiture actions;

- that the federal court should abstain from hearing the claims of Peoples-Veterans-
  Settlers, in deference to this Court's exclusive jurisdiction over claims involving the
  FNL liquidation estate;[1] and

- alternatively, and only in the event of denial of the above two grounds, should the
  federal court reach the same state law question this Court previously addressed, with
  an appropriate ruling in conformity with this Court's previous decision on the
  controlling law under the Mississippi Insurers' Rehabilitation and Liquidation Act.

Thus, the Liquidator adamantly disagrees that the federal court forfeiture actions are the appropriate

forum for a hearing on the Peoples-Veterans-Settlers claims, and the FNL Liquidator has expressly

taken the position that *this Court* is the appropriate forum for resolution of those claims.

Although a trial date has been set and is pending in Connecticut, Judge Burns has held all

substantive discovery in abeyance in these two cases while she considers the issues of law raised by

the Receiver-Claimants' motions to dismiss the Peoples-Veterans-Settlers claims. Although the

---

[1]      Two other federal courts have held that abstention is appropriate as to the claims
of Peoples-Veterans-Settlers, in deference to the proof of claim process in the FNL liquidation
estate in this Court. *Peoples Benefit Life Ins. Co. and Veterans Life Ins. Co. v. George Dale, et
al.*, Civil Action No. 3:99cv537BN (S.D. Miss. Dec. 29, 1999); *Huff-Cook, Inc. v. George Dale,
et al.*, Civil Action No. 1:99cv0109 (W.D. Va. March 29, 2001).

federal court in Connecticut may have jurisdiction over the property seized and held in those two actions, *it does not have exclusive jurisdiction over the Peoples-Veterans-Settlers* claims. Rather, the Court possessing exclusive jurisdiction over those claims is this Court, as noted by the Second Circuit when it held in the other two forfeiture cases:

> [I]n this case, recognizing the alleged constructive trust between Peoples and FNLIC as a sufficiently "direct, substantial, and legally protectable" interest to support intervention would allow Peoples to circumvent the state receivership proceedings and potentially gain an advantage over other creditors and policyholders of FNLIC. Furthermore, there is a risk that allowing Peoples to intervene in this case may open the door for other creditors and thereby undermine state receivership proceedings.

*United States v. Peoples Benefit Life Ins. Co.*, 271 F.3d 411, 417 (2d Cir. 2001).

The Second Circuit has recognized, as a matter of law, that all interested parties *are not* present in the federal forfeiture proceedings. Despite the arguments of Peoples-Veterans-Settlers that they are the only other interested parties regarding the seized property, they are not. The property forfeited as a result of Frankel's activities in the two pending cases were looted from FNL, and Peoples-Veterans-Settlers must pursue their claims, which stem from a contract with FNL, through the FNL liquidation estate. That is the only place where all creditors of FNL – i.e., all interested parties – are joined, and this is the only Court that can afford complete relief to all creditors interested in the FNL insolvency because of Martin Frankel's activities.[2]

Peoples-Veterans-Settlers have, themselves, admitted that their claims belong in this Court,

---

[2]     As usual, Peoples-Veterans-Settlers point to other actions being pursued *by the FNL Liquidator* in other venues as grounds to argue that they should also be able to pursue actions involving the liquidation estate assets in other venues. This is incorrect. The FNL Liquidator is expressly charged by statute to take the necessary legal action, by litigation or otherwise, to marshal the assets of FNL and bring them into the estate for proper statutory distribution to the various creditors of FNL. There is a vast difference between that activity on the part of the FNL Liquidator and the activities of Peoples-Veterans-Settlers wherein they seek to obtain a non-statutory preference over other creditors of FNL and pocket the assets.

not in the federal forfeiture actions. In their Declaratory Petition, they state that this Court has

jurisdiction over their claims under the Mississippi Insurers' Rehabilitation and Liquidation Act.

They go on to make the following acknowledgment in their Declaratory Petition concerning the

Second Circuit's ruling:

> The forfeiture proceedings have been consolidated before Judge Burns in the United
> States District Court for the District of Connecticut. By order dated October 31,
> 2000, Judge Burns denied Peoples and Veterans motion to intervene in the forfeiture
> proceedings. *United States v. One 1995 Turbo Commander*, No. 3:99-CV-2590, No.
> 3:99-CV-2589, 2000 WL 18388334, * 2. The United States Court of Appeals for the
> Second Circuit affirmed the denial of Peoples and Veterans' motion to intervene and
> directed Peoples and Veterans to pursue their constructive trust claims in the present
> First National Life receivership proceeding. *United States v. Peoples Benefit Life Ins.
> Co.*, 271 F.3d 411, 416-17 (2d Cir. 2001).

Declaratory Petition at ¶ 17.

Because this is the only Court that can afford complete relief as concerns all creditors of

FNL, it would be inappropriate to allow Peoples-Veterans-Settlers to voluntarily dismiss their action.

A dismissal would be of great detriment to other creditors. For example, the Guaranty Associations

that are FNL's largest creditors have no opportunity to be heard in the federal forfeiture actions,

whereas they do have an opportunity to be heard in this Court. A motion for voluntary dismissal

should be denied where a dismissal would affect other parties' rights to achieve final adjudication

of all issues and where a dismissal would adversely affect a defendant's right to prevent nonjoinder

of all parties necessary to complete decision on the claims at issue. *Smith*, 477 So. 2d at 230. This

is an objective basis for requiring that merits of the action be resolved in this forum, *Radiant

Technology*, 122 F.R.D. at 203, particularly where a dismissal at this stage would constitute a

dismissal prior to adjudication of the object of the FNL liquidation, pursuant to Miss. R. Civ. P. 66.

2.     **Proceedings In This Court Following the Mississippi Supreme Court Decision**

On May 5, 2005, the Mississippi Supreme Court vacated this Court's prior grant of summary judgment in favor of the Liquidator on the Peoples-Veterans-Settlers claims. That decision was based solely on a strict interpretation of the notice provisions of Rules 12 and 56 regarding conversion of a motion for judgment on the pleadings into a motion for summary judgment. There was no opinion, whatsoever, expressed on the merits decision reached by this Court, and there was no statement that fact questions existed which preclude judgment as a matter of law under the procedural vehicle of a Rule 12(c) motion for judgment on the pleadings.

A strict interpretation such as that given by the Mississippi Supreme Court to the notice provisions in question precluded a holding that the grant of summary judgment was harmless error. Grant of a Rule 12(c) motion on the pleadings requires consideration of whether amendment should be allowed, or whether an amendment would be futile in curing the reason for dismissal. A grant of summary judgment requires no such consideration.

The Supreme Court's vacation of this Court's prior judgment on procedural grounds means that the Liquidator's motion for judgment on the pleadings is again pending and awaits a ruling. There is no reason that a judgment on the merits under Rule 12(c) should not issue at this time, in accord with this Court's previous decision on the merits.

In this posture of the case, it would be inappropriate to allow a voluntary dismissal by Peoples-Veterans-Settlers such that they could avoid a judgment as a matter of law. *Shepherd*, 502 So. 2d at 1191 (courts have noted impropriety of allowing dismissal to avert judgment as a matter of law to which another party is entitled). *See also, Radiant Technology Corp.*, 122 F.R.D. at 203

8

(dismissal improper where it will preclude the court from deciding a claim-dispositive motion). This is particularly true in this case, governed by the provisions of Rule 66 regarding Receivers, when the object of the receivership in resolving the Peoples-Veterans-Settlers claims has not been concluded.[3]

**III.     Alternatively, Should Dismissal Be Granted, This Court Should Issue Its Statutory Ruling On the Peoples-Veterans-Settlers Proofs Of Claim And Award the Liquidator's Reasonable Fees And Expenses**

Even if the Declaratory Petition filed by Peoples-Veterans-Settlers were to be dismissed, this Court would be obliged, under the statutory claims process, to issue the same ruling on their proofs of claim as it issued with regard to the Rule 12(c) motion filed by the FNL Liquidator. In response to the Declaratory Petition, the FNL Liquidator included an affirmative prayer for relief that the Liquidator's determination on those proofs of claim be affirmed. That prayer for relief was reiterated in the Rule 12(c) motion filed by the Liquidator.

The Peoples-Veterans-Settlers objections to the Liquidator's claim determinations are identical to those claims advanced in the Declaratory Petition. Per the applicable provisions of the Mississippi Insurers Rehabilitation and Liquidation Act, the FNL Liquidator denied those objections and then sought dates for a statutory hearing before this Court on the Peoples and Veterans proof of claim. *See* Exhibit 1, letter dated February 20, 2002.[4] In response, Peoples-Veterans-Settlers filed

---

[3]     Peoples-Veterans-Settlers alternatively suggests that this Court should stay the FNL liquidation estate proceedings in regard to their claims while awaiting a ruling from the federal court. This, however, is the Court with exclusive jurisdiction over these claims in liquidation, and no stay pending the federal court's ruling is either necessary or appropriate. The Second Circuit has already reached that conclusion and has held that the federal courts should defer to this Court, not vice versa.

[4]     At the time Peoples-Veterans-Settlers filed their Declaratory Petition, only the Peoples and Veterans claim was determined as to both creditor class and amount. That is still true today. Although the FNL Liquidator was able to determine creditor class as to Settlers, a determination that should be affirmed now, the Liquidator has not been able to issue a

their Declaratory Petition. Later, the issues involved on the Rule 12(c) motion, which included affirmation of the Liquidator's claim determination, were heard by this Court, by agreement of the parties, on January 21, 2004. *See* Exhibit 2, letter of December 8, 2003, from Greg Copeland to Alex Alston; Exhibit 3, letter of December 9, 2003, from Alex Alston to the Court.

Dismissal of the Declaratory Petition does not obviate the FNL Liquidator's request for a ruling concerning the Liquidator's determinations on the Peoples-Veterans-Settlers proofs of claim. That ruling should still issue, and Peoples-Veterans-Settlers should be directly enjoined by this Court from continuing other litigation that attempts to adversely affect assets of the FNL liquidation estate.

Further, in the event of a dismissal and ruling simply on the proofs of claim, it would be appropriate to award the FNL Liquidator its attorneys fees and costs unnecessarily incurred by filing of the Declaratory Petition, as opposed to simply going forward with the statutory hearing as requested in Exhibit 1. *Roebuck v. City of Aberdeen*, 671 So. 2d 49, (Miss. 1996)(award of attorneys fees and expenses appropriate as a condition of dismissal under Rule 41(a)(2), which only allows dismissal on conditions that are just). Accordingly, should the Court dismiss the Declaratory Petition and rule only on the proofs of claim, the FNL Liquidator asks for leave to submit a statement of reasonable fees and expenses incurred in defending the Declaratory Petition.

IV.    **Conclusion**

The FNL Liquidator respectfully requests that the Court (a) deny the motion of Peoples-Veterans-Settlers to voluntarily dismiss their Declaratory Petition; and (b) grant the FNL Liquidator's Rule 12(c) motion for judgment on the pleadings.

_____

determination as to the amount of the claim. Settlers has continually refused to provide needed and requested financial information to the Liquidator in order for a determination as to amount to be made.

Alternatively, in the event of dismissal, the FNL Liquidator asks that the Court (a) issue a ruling on the subject proofs of claim; (b) enjoin Peoples-Veterans-Settlers from further litigation outside the liquidation court in an attempt to affect FNL estate assets; and (c) award the FNL Liquidator its reasonable fees and expenses for defending the Declaratory Petition, with leave given for the Liquidator to present to the Court a statement of those fees and expenses.

THIS the ___8th___ day of June, 2005.

**GEORGE DALE, Commissioner of Insurance for the State of Mississippi, acting in his official capacity as Liquidator of First National Life Insurance Company of America**

By: _____
    Charles G. Copeland (MBN 6516)
    Janet G. Arnold (MBN 1626)
    Copeland, Cook, Taylor & Bush, P.A.
    1062 Highland Colony Parkway
    200 Concourse, Suite 200
    Post Office Box 6020
    Ridgeland, Mississippi 39158
    Telephone: (601) 856-7200
    Facsimile: (601) 856-7626

ATTORNEYS FOR GEORGE DALE

## CERTIFICATE OF SERVICE

I, Janet G. Arnold, hereby certify that a copy of the foregoing document has been served on

the following by United States mail, first class, postage prepaid, unless another method of delivery

is indicated:

> Alex A. Alston, Jr.
> Brunini, Grantham, Grower & Hewes, PLLC
> Post Office Drawer 119
> Jackson, Mississippi 39205
>
> Forrest B. Lammiman
> Lord, Bissell & Brook
> 115 S. LaSalle Street
> Chicago, Illinois 60603
>
> Kristina M. Johnson, Esq.
> Watkins, Ludlum, Winter & Stennis
> 633 North State Street
> Jackson, MS 39201
>
> C. York Craig, Jr.
> Ricky G. Luke
> Craig Hester Luke & Dodson
> P.O. Box 12005
> Jackson, MS 39236-2005
>
> Charles T. Richardson
> Baker & Daniels
> 805 15th Street, N.W., Suite 700
> Washington, D.C. 20005

This 8th day of June, 2005.

_____
JANET G. ARNOLD (MSB # 1626)

IN THE CHANCERY COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

GEORGE DALE, COMMISSIONER OF
INSURANCE OF THE STATE OF MISSISSIPPI                    PLAINTIFF

F I L E D

CIVIL ACTION NO. G99-908S2

FIRST NATIONAL LIFE INSURANCE COMPANY    JUN 1 7 2005
OF AMERICA, A MISSISSIPPI DOMICILED
INSURANCE COMPANY    EDDIE JEAN CARR, CHANCERY CLERK
                                                                    D.C.    DEFENDANT

BY_____

PETITIONERS                                                HUFF-COOK, INC.,
PEOPLES BENEFIT LIFE INSURANCE COMPANY
VETERANS LIFE INSURANCE COMPANY

PETITIONERS' REPLY IN SUPPORT OF
MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE

Petitioners Huff-Cook, Inc., Peoples Benefit Life Insurance Company, and Veterans Life

Insurance Company (collectively, the "Petitioners") seek to have their Petition for Declaratory Relief

in this case dismissed without prejudice or stayed in favor of proceeding on the same constructive

trust claims in the parallel federal forfeiture proceedings pending before the Honorable Judge Ellen

Bree Burns in the United States District Court for the District of Connecticut captioned *United States*

*v. $29,035,500.00*, Civil No. 3:01 CV 1515 (EBB) and *United States v. 277 Diamonds*, Civil No. 3:02 CV

889 (EBB).  The forfeiture court has at least concurrent jurisdiction with this Court over the dispute

between Commissioner Dale (the "Receiver"), in his capacity as the liquidator for First National Life

Insurance Company of America ("FNL"), and the Petitioners over who owns the properties held by

the forfeiture court.  In fact, at the Receiver's request, the forfeiture court is poised to decide (1)

whether the forfeiture court should abstain from hearing the Petitioners' claims in favor of allowing

this Court to hear the case and (2) whether the Petitioners are entitled to assert constructive trusts to

recover the property traced to the two forfeiture proceedings that was taken from them through

FNL's and its secret owner Martin Frankel's fraud and breach of duty.

1

A motion for dismissal without prejudice should not be denied absent substantial prejudice to the defendant. *Carter v. Clegg*, 557 So.2d 1187, 1190 (Miss. 1990); *Shepherd v. Delta Med. Center*, 502 So.2d 1188, 1191 (Miss. 1987); *Toppings v. Meritech Mortg. Serv., Inc.*, 209 F.R.D. 375, 378 (S.D. W. Va. 2001). The Petitioners have met the standards for a voluntary dismissal because the Receiver will not be prejudiced by a dismissal. *Carter*, 557 So.2d at 1190. The mere prospect of a second lawsuit on the same facts in another jurisdiction does not constitute prejudice to the defendant. *Id.* The prospect of having the competing constructive trust claims to the defendant properties decided in the forfeiture court is an insufficient basis for denying a motion for voluntary dismissal. *Davis v. USX Corp.*, 819 F.2d 1270, 1274 (4th Cir. 1987). The fact that the Petitioners ask to pursue their constructive trust claims in the forfeiture court where the defendant properties are actually being held and where all claimants have filed claims to this Court cannot prevent them from discontinuing their Petition. "[O]ne court is as good as another." *Id.* at 1275 (quoting *Young v. Southern Pacific Co.*, 25 F.2d 630, 632 (2d Cir. 1928) (Learned Hand, J., concurring)).

Similarly, litigation costs, in and of themselves, will not result in legal prejudice to the Receiver. *Carter*, 557 So.2d at 1190 (citing *Moore v. Interstate Fire Ins. Co.*, 717 F. Supp. 1193, 1197 (S.D. Miss. 1989)). *See* BILLY G. BRIDGES & JAMES W. SHELSON, 35 MISSISSIPPI CHANCERY PRACTICE § 534 (2000 ed.) ("the defendant acquires no rights by the mere fact that he has been put to inconvenience or expense of a defense . . . ."). This Court may dismiss the Petition for Declaratory Relief without prejudice.

Alternatively, the Court may simply stay the proceeding regarding the Petition for Declaratory Relief until the forfeiture court rules on the Receiver's fully briefed motion to dismiss now pending there. *See, e.g., Brown v. Brown*, 493 So.2d 961, 963 (Miss. 1986) (granting motion for stay to allow California proceeding to conclude). Once the forfeiture court has ruled on the Receiver's motion, it likely will be evident whether this Court should allow the Petition here to be voluntarily

dismissed or whether the motion has been rendered moot. For that reason, the Petitioners respectfully submit that this Court need not rule on their motion for voluntary dismissal until the forfeiture court has ruled on the Receiver's motion to dismiss the Petitioners there.

I.  **THE LEGAL QUESTIONS RAISED IN THE RECEIVER'S RESPONSE ARE FULLY BRIEFED AND AWAIT RULING IN THE FORFEITURE COURT**

The Receiver argues that the Petitioners should not be allowed to dismiss their constructive trust claims in this case to "avoid a judgment as a matter of law." Response at 8. This argument makes no sense in light of the Receiver's motion to dismiss pending in the forfeiture court. The jurisdictional, abstention and legal questions of whether the Petitioners are entitled to recover their property traced to the two forfeiture proceedings in Connecticut are fully briefed and await decision by Judge Burns. On May 16, 2005, counsel for the Receiver asked Judge Burns to include the constructive trust issue as a subject to be briefed in that court. If the Receiver is entitled to judgment as a matter of law, Judge Burns will soon grant them the relief they seek. If, however, the Receiver is not entitled to judgment as a matter of law, the scheduled trial in the forfeiture court should go forward. The Petitioners are not seeking to avoid a ruling on their constructive trust claims; they simply believe it is more efficient to allow the one court with *in rem* jurisdiction over the property in dispute and jurisdiction over all claimants to the property where the legal questions have already been fully briefed and submitted to the court to decide the legal questions once and for all.

The federal forfeiture court is the only court that has exclusive jurisdiction over the defendant properties, *see* 28 U.S.C. § 1335, the only court in which discovery is underway and a trial date is set, and the only court where all of the claimants are present. Accordingly, this Court should dismiss Petitioners' petition without prejudice or stay it pending the federal forfeiture court's decision.

A.    **The Forfeiture court Will Soon Decide the Legal Issues Between the Receiver and the Petitioners**

Although the Receiver characterizes the Petitioners' statements to this Court as a "series of incorrect representations to this Court about the status of federal forfeiture proceedings" and "gross mischaracterizations of the pending federal forfeiture proceedings" (Response at 1, 4), he fails to cite a single, specific "incorrect representation" or "mischaracterization." In fact, the Receiver admits that he asked the forfeiture court to decide the legal question of the Petitioners' right to assert a constructive trust if the forfeiture court exercises its discretion to retain jurisdiction. Response at 5.

On February 24, 2005, the Receiver, along with the four other receivers for the Frankel-controlled insurance companies, filed in the forfeiture proceedings a motion seeking to dismiss the Petitioners' claims in those cases. On May 16, 2005, the Receiver, acting on behalf of the other receivers, asked the forfeiture court for leave to file supplemental briefing to address the substantive legal question of whether the Petitioners can state a constructive trust claim to property also claimed by the receivers through constructive trusts. On June 3, 2005[1] and June 14, 2005, the parties filed simultaneous briefs and replies.

In his motion to dismiss, the Receiver raised three arguments: (1) that the Petitioners lacked standing to assert constructive trust claims in the forfeiture proceedings, (2) that the forfeiture court should abstain from deciding the Petitioners' constructive trust claims in favor of this Court, and (3) that the Petitioners cannot state a constructive trust claim to recover property obtained from them through FNL and Frankel's fraud and breach of duty. Response at 5. Thus, the Receiver has already asked the forfeiture court to decide the same questions the Receiver now would have this court decide. In the interests of comity within our federal system as well as sound judicial efficiency, this Court should allow the forfeiture court to decide these issues.

---

[1] The Petitioners filed their brief on June 3, 2005, however, the clerk later rejected the electronic filing. The Petitioners re-filed their brief on June 8, 2005.

4

The Receiver continues to mischaracterize the Petitioners' claims both in this Court and in the federal cases as being claims of a creditor of FNL. Response at 7. The Petitioners are asserting their rights as the owners of the defendant properties in the forfeiture cases, not as creditors of FNL. These conflicting legal arguments are fully briefed, and the forfeiture court will soon decide them.

### B.    The Forfeiture Court Is Now the Best Forum for Deciding All of the Competing Constructive Trust Claims to the Defendant Properties

The forfeiture court has jurisdiction to decide the competing ownership claims to the defendant properties in the forfeiture cases. 28 U.S.C. § 1355(a) ("The district courts shall have original jurisdiction, <u>exclusive of the courts of the States</u>, of any action or proceeding for . . . forfeiture") (emphasis added). The forfeiture proceedings are civil actions *in rem* brought under 28 U.S.C. §§ 1345 and 1355. Verified Complaints of Forefeiture ¶ 1, copies of which are attached as Exhibits 1 and 2. *See also State ex rel. Mississippi Bur. of Narcotics v. Lincoln Co.*, 605 So.2d 802, 804 (Miss. 1992) ("civil forfeiture proceeding is an action *in rem*"). The forfeiture court has custody over the defendant properties that were nominally held in the name of Frankel, one of his accomplices, and Bloomfield Investments, one of the Frankel-controlled entities. *Id.* at ¶ 2.

Long-standing principles of law hold that a court first assuming jurisdiction over property may exercise that jurisdiction to the exclusion of other courts. *See, e.g., F.D.I.C. v. Four Star Holding Co.*, 178 F.3d 97, 102 (2d Cir. 1999); *Lankenau v. Coggeshall & Hicks*, 350 F.2d 61, 64 (2d Cir. 1965). As the Mississippi Supreme Court explained:

> But, if the two suits are in *rem* or *quasi in rem*, requiring that the court or its officer have possession or control of the property which is the subject of the suit in order to proceed with the cause and to grant the relief sought, the jurisdiction of one court must of necessity yield to that of the other. To avoid unseemly and disastrous conflicts in the administration of our dual judicial system, * * * and to protect the judicial processes of the court first assuming jurisdiction * * * the principle, applicable to both federal and state courts, is established that the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the

exclusion of the other. This is the settled rule with respect to suits in equity for the control by receivership of the assets of an insolvent corporation.

*Koehring Co. v. Hyde Const. Co.*, 178 So.2d 838, 845-46 (Miss. 1965) (citations and quotations omitted). A decision by this Court as to as to who owns the defendant properties would interfere with the forfeiture court's *in rem* jurisdiction. *Id.*

The Petitioners, the Receiver and all of the other receivers have filed competing constructive trust claims of ownership in the two forfeiture proceedings, thereby submitting their claims to the jurisdiction of the forfeiture court. The forfeiture court is the only court with jurisdiction over all parties claiming ownership of the defendant properties. The fact that the creditors of FNL, parties who have not asserted any claim to ownership of the defendant properties in the forfeiture cases, are not parties to the forfeiture proceedings is irrelevant. There is an important legal distinction between being a creditor of an insolvent estate and an owner of stolen funds which are subject to a constructive trust. *Cf.*, 28 C.F.R. 9.2 (g), (l) (distinguishing between general creditors and owners of property subject to forfeiture). The Petitioners are not asserting claims in the forfeiture cases as <u>creditors</u> of FNL or Frankel. They are asserting claims as the rightful <u>owners</u> of the defendant properties obtained from them by fraud and breach of duty traced to the forfeiture cases.

A decision on the merits both of the jurisdictional question of which court should decide the ownership claims and the substantive question regarding whether the Petitioners are entitled to assert their constructive trusts is more advanced in the forfeiture court. The Receiver's improperly filed proposed order granting his motion for judgment on the pleadings aside, there is no pending motion by the Receiver before this Court. In *Bolls v. Harris*, 528 So.2d 1128, 1129 (Miss. 1988), cited by the Receiver, the court expressly restored the motion to the trial court's active docket for hearing. The Mississippi Supreme Court gave no such instruction in the present case. If any motion is pending before this Court, it is a Rule 56 motion for summary judgment. The Mississippi Supreme Court vacated the summary judgment order based on this Court's failure to give the Petitioners an

opportunity to present evidence. Therefore, should the Court decide to proceed with the Rule 56 summary judgment order, the Petitioners should be allowed to complete the discovery which has been stayed since July of 2004 and the opportunity to then present summary judgment materials. *See* May 5, 2005 Order at ¶ 19.

Even if the Receiver were to renew his prior Rule 12(c) motion, a year and a half has passed since the briefing on the Receiver's motion for judgment on the pleadings was completed. The Petitioners would be entitled to a briefing schedule to bring their arguments current and evidentiary materials supporting their claims. Despite what the Receiver may claim, implicit in the Mississippi Supreme Court's order vacating this Court's summary judgment order is the ruling that the Petitioners should be allowed to present summary judgment materials in support of their claims. Otherwise, the Supreme Court would not have vacated because this Court's failure to give notice and an opportunity to present summary judgment evidence would have constituted harmless error. *See* 5C Wright & Miller § 1366 ("absence of formal notice will be excused when it is harmless"); *Benchmark Elec., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003) ("court ordinarily reviews whether there was lack of the required notice for harmless error")

## II.   RULE 41 ALLOWS PARTIES TO DISMISS ONE CASE IN FAVOR OF A PARALLEL CASE IN ANOTHER JURISDICTION

Petitioners are entitled to voluntarily dismiss their constructive trust claims here in favor of the more advanced federal forfeiture proceedings where they can obtain complete relief against parties with competing ownership claims to the defendant properties. *Stidam v. Ryder Truck Rental, Inc.*, No. NA00-174-C-H/G, 2001 WL 699873, *1 (S.D. Ind. May 29, 2001)[2] (approving dismissal without prejudice to pursue parallel action in another state); *Bader v. Elec. For Imaging, Inc.*, 195 F.R.D. 659, 662 (N.D. Cal. 2000) (same); *Ornelas v. Safeway Ins. Co.*, No. 88 C 3583, 1989 WL 157794, * 4

---

[2] Copies of unreported cases are attached at Exhibit 3.

(N.D. Ill. Dec. 27, 1989) (same). Even the case cited by the Receiver supports allowing a party to voluntarily dismiss claims in favor of another proceeding that will provide the parties complete relief. *Smith v. H.C. Bailey Co.*, 477 So.2d 224, 230 (Miss. 1985) ("Because there was not another action pending which had the potential for yielding a final adjudication of all issues between the parties, the circuit judge was within his discretion in refusing to dismiss the breach of contract action without prejudice."). The forfeiture court will provide a final adjudication of all substantive issues.

Furthermore, the Receiver's citation to Rule 66 of the Mississippi Rules of Civil Procedure and its comment is a red herring. Significantly, the Receiver has cited no case law interpreting Rule 66. Rule 66 is not applicable to dismissal of the Petitioners' claims. Rule 66 states that, "[a]n action wherein a receiver has been appointed shall not be dismissed except by leave of court." Miss. R. Civ. P. 66. The policy behind this portion of the rule is that "[i]t prevents a party from ousting the receiver without first obtaining the court's approval, which prevents the court's investment in the long range program of receivership it has established from being wasted." *U.S. v. Mansion House Center North*, 95 F.R.D. 515, 516-17 (D.C.Mo. 1982) (quoting 12 Wright & Miller, Federal Practice and Procedure § 2982). Here, the Petitioners are not seeking to oust the Receiver from the liquidation of FNL. Rather, they are only asking this Court to dismiss *their* Petition for Declaratory Relief. *See* Pets. Mem. at 8. Moreover, they have asked this Court for leave to dismiss their petition. Therefore, Petitioners have complied with Rule 66. Even more significantly, Petitioners are not asking that the liquidation action itself be dismissed. Whether Petitioners' claims are dismissed or not, this action -- the liquidation proceeding instituted by the Receiver -- will continue.

## III.    THE RECEIVER HAS NOT SHOWN ANY PREJUDICE FROM DISMISSAL

After correctly stating the rule that a motion under Rule 41(a)(2) should be granted unless the defendant would suffer prejudice, the Receiver fails to demonstrate that he would suffer any prejudice if the Petitioners' constructive trust claims were dismissed without prejudice in this case in

8

favor of having them concluded before the forfeiture court. Instead, the Receiver argues that creditors of FNL would be prejudiced because they "have no opportunity to be heard in the federal forfeiture actions." Response at 7. This argument is belied by the Receiver's Reply Memorandum in Support of Receiver-Claimants' Motion to Dismiss ("Federal Reply", copies of which are attached as Exhibits 4 and 5) filed six days after the Response in this case. In his Federal Reply, the Receiver stated: "it is the FNL Receiver who has the exclusive statutory standing to assert claims for assets on behalf of all creditors of the estate." Federal Reply at 8-9 (emphasis in original). Thus, any interest the FNL creditors have in the defendant properties will be protected by the Receiver.

IV.    THE RELIEF REQUESTED BY THE RECEIVER IS IMPROPER

The Receiver asks the Court to condition any dismissal with the entry of judgment on the Receivers' "counterclaim" and on payment of the Receiver's attorney's fees and expenses "unnecessarily incurred by filing of the Declaratory Petition." Response at 9, 10. Neither condition is proper.

The Receiver's request that judgment be entered on its affirmative request regarding the Petitioners' proofs of claim is procedurally improper. First, "dismissal is not precluded by the fact that the defendants have pleaded affirmative defenses." 4 Wright & Miller, Federal Practice and Procedure § 2365. The Receiver's objection to the Petition for Declaratory Relief on the grounds that the Petitioners' claims should be classified as Class 6 claims is not the equivalent of a counter-claim. *See Kleid v. Ruthbell Coal Co.*, 131 F.2d 372, 373 (2d Cir. 1942) (allowing dismissal because objection to claim in bankruptcy is not a counterclaim); *Hinfin Realty Corp. v. Pittston*, 206 F.R.D. 350, 354 (E.D.N.Y. 2002) (nominal "counterclaim" was affirmative defense and did not preclude voluntary dismissal). Second, the Receiver has not filed a motion seeking the entry of judgment on his affirmative defenses or given the notice required under § 83-24-77 ("the liquidator shall ask the court for a hearing as soon as practicable and give notice of the hearing by first class mail to the

9

claimant or his attorney and to any other persons directly affected not less than ten (10) nor more than thirty (30) days before the date of the hearing"). Therefore, the Receiver's request for affirmative relief does not prevent the Petitioners from voluntarily dismissing their Petition for Declaratory Relief.

The Receiver is also not entitled to any fees or costs. The purpose of conditioning dismissal without prejudice on paying fees and costs is to compensate the defendant for the unnecessary expense that the litigation has caused. *Ornelas,* 1989 WL 157794 at *4. The Petitioners filed identical claims asserting constructive trusts in the federal cases. The time, energy and money expended by the Receiver in this case would have been spent in the forfeiture cases and has been used by the Receiver in filing motions to dismiss in the federal cases raising the same argument presented in this case. A defendant is not entitled to fees when much, if not all of the work product may be useful in the parallel court proceeding. *Ornelas,* 1989 WL 157794 at *4.

## V.    CONCLUSION

The Receiver has not demonstrated any prejudice from a dismissal or a stay of this case in favor of the forfeiture court's jurisdiction over the property in dispute and over all of the claimants to that property. The Petitioners have fully and adequately explained the rationale behind seeking a voluntary dismissal of their constructive trust claims in this action. Their reasons for abandoning their Petition are reasonable and are neither contrived nor suspect in any way. This Court should either enter an order dismissing the Petition for Declaratory Relief without prejudice or stay or postpone any ruling pending a decision by the forfeiture court on the Receiver's fully briefed motion to dismiss in those cases.

This 17th day of June, 2005          HUFF-COOK, INC., PEOPLES BENEFIT LIFE
                                     INSURANCE COMPANY, and VETERANS LIFE
                                     INSURANCE COMPANY
                                     By:

                                         One of Their Attorneys

10

Alex A. Alston, Jr. (MB #1543)
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
1400 Trustmark Building
248 East Capitol Street (39201)
Post Office Drawer 119
Jackson, Mississippi  39205-0119
Telephone: (601) 948-3101
Fax: (601) 960-6902

*Of Counsel*
Forrest B. Lammiman
Randall A. Hack
Brian I. Hays
LORD, BISSELL & BROOK
115 S. LaSalle Street
Chicago, Illinois  60603
Telephone: (312) 443-0700
Fax: (312) 443-0336

## CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that I have served a true copy of the foregoing

Petitioners' Reply in Support of Motion for Voluntary Dismissal Without Prejudice by forwarding a

copy by United States mail, postage prepaid, to the following counsel:

Charles G. Copeland, Esq.
COPELAND, COOK, TAYLOR & BUSH, P.A.
1062 Highland Colony Pkwy, Suite 200
PO Box 6020
Ridgeland, MS 39158

Kristina M. Johnson, Esq.
WATKINS LUDLAM WINTER & STENNIS, P.A.
633 N. State St.
PO Box 427
Jackson, MS 39205

Charles T. Richardson, Esq.
BAKER & DANIELS
805 15th Street, N.W., Suite 700
Washington, D.C. 20005

C. York Craig, Jr., Esq.
Ricky G. Luke, Esq.
CRAIG HESTER LUKE & DODSON, P.A.
PO Box 12005
Jackson, MS 39236

Lee Harrell, Esq.
David C. Scott, Esq.
Mississippi Dept. of Insurance
550 High St., 18th Floor
PO Box 79
Jackson, MS 39205

This 17th day of June, 2005

12

## SERVICE LIST

*USA v. $29,035,500.00, et al,* Case Number 3:01-CV-1515 (EBB);
and
*USA v.277 Diamonds, et al,* Case Number 3:02 CV 889 (EBB)

| | |
|---|---|
| **Plaintiff U.S.A.**<br>John Hughes<br>Assistant U.S. Attorney<br>U.S. Attorney's Office<br>157 Church Street<br>P.O. Box 1824<br>23rd Floor<br>New Haven, CT   06510<br>(203) 821-3700<br>(203) 773-5373 - fax | |
| **Claimants**<br>James A. Lenes, Esq.<br>Douglas S. Skalka, Esq.<br>NEUBERT, PEPE, MONTEITH<br>195 Church Street<br>13th Floor<br>New Haven, CT   06510-2026<br>(203) 821-2000<br>(203) 821-2009 - fax | Susan Loving, Esq.<br>LEST, LOVING & DAVIES<br>1701 South Kelly<br>Edmund, OK   73013<br>(405) 844-9900<br>(405) 844-9958 - fax |
| Andrew B. Campbell, Esq.<br>Graham Matherne, Esq.<br>WYATT TARRANT & COMBS<br>2525 West End Avenue<br>Suite 1500<br>Nashville, TN   37203<br>(615) 244-0020<br>(615) 256-1726 - fax | Charles G. Copeland, Esq.<br>COPELAND, COOK, TAYLOR & BUSH, P.A.<br>1062 Highland Colony Parkway<br>Suite 200<br>P. O. Box  6020<br>Ridgeland, MS   39157<br>(601) 856-7200<br>(601) 856-7626 - fax |
| Douglas J. Schmidt, Esq.<br>BLACKWELL SANDERS PEPER MARTIN, LLP<br>2300 Main Street<br>Suite 1000<br>Kansas City, MO   64108<br>(816) 983-8000<br>(816) 983-8080 - fax | |

1067252v1