UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 3:01CV1515 (EBB) |
| | : | |
| $29,035,500.00 SEIZED FROM THE | : | |
| U.S. CUSTOMS SUSPENSE ACCOUNT | : | |
| AT THE FEDERAL RESERVE BANK | : | |
| OF NEW YORK, WHICH REPRESENTS | : | |
| A WIRE TRANSFER FROM ACCOUNT | : | |
| NUMBER 70026, AT BANQUE SCS | : | |
| ALLIANCE, GENEVA, SWITZERLAND, | : | |
| HELD IN THE NAME OF BLOOMFIELD | : | |
| INVESTMENTS, LTD., | : | |
| | : | |
| $3,241,500.00 SEIZED FROM THE | : | |
| SEIZED ASSET DEPOSIT FUND AT THE | : | |
| FEDERAL RESERVE BANK, WHICH | : | |
| REPRESENTS A WIRE TRANSFER | : | |
| FROM BANQUE SCS ALLIANCE, | : | |
| GENEVA, SWITZERLAND, HELD | : | |
| IN THE NAME OF BLOOMFIELD | : | |
| INVESTMENTS, LTD. | : | |
| | : | |
| Defendants. | : | |

## DECREE OF FORFEITURE

On August 14, 2001, a Verified Complaint of Forfeiture was filed on behalf of the plaintiff, United States of America, for the forfeiture of $29,035,500.00 seized from the U.S. Customs Suspense Account at the Federal Reserve Bank of New York, which represents a wire transfer from account number 70026, at Banque SCS Alliance, Geneva, Switzerland, held in the name of Bloomfield Investments, Ltd., and $3,241,500.00 seized from the Seized Asset Deposit Fund at the Federal Reserve Bank, which represents a wire transfer from Banque SCS Alliance,

Geneva, Switzerland, held in the name of Bloomfield Investments, Ltd. ("Currency Defendants"). The Complaint alleges that the Currency Defendants were involved in a financial transaction in violation of 18 U.S.C. §§ 1956 and 1957, and are therefore subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A), or constitute or are derived from proceeds traceable to an offense constituting "specified unlawful activity" (as defined in 18 U.S.C. § 1956(c)(7)), namely mail fraud and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343, or conspiracy to commit such offenses, and are therefore subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

It appearing that process was fully issued in this action and returned according to law, the Court finds as follows:

## ARREST, NOTICE AND SERVICE OF PROCESS

That pursuant to a Warrant of Arrest In Rem issued by this Court on August 14, 2001, the Internal Revenue Service Criminal Investigation for the District of Connecticut seized the defendant, $29,035,500.00 seized from the U.S. Customs Suspense Account at the Federal Reserve Bank of New York, which represents a wire transfer from account number 70026, at Banque SCS Alliance, Geneva, Switzerland, held in the name of Bloomfield Investments, Ltd., on August 21, 2001;

That pursuant to a Warrant of Arrest In Rem issued by this Court on August 15, 2001, the United States Marshal for the District of Connecticut seized the defendant, $3,241,500.00 seized from the Seized Asset Deposit Fund at the Federal Reserve Bank, which represents a wire transfer from Banque SCS Alliance, Geneva, Switzerland, held in the name of Bloomfield Investments, Ltd., on August 28, 2001;

That on August 22, 29, and September 5, 2001, notice of this action was published in <u>The New York Times</u> newspaper;[1]

That on August 20, 2001, the plaintiff, United States of America, mailed a Notice of Lawsuit and Request for Waiver of Service of Process, along with the Verified Complaint of Forfeiture and Warrants of Arrest <u>In</u> <u>Rem</u>, to Mossack Fonseca & Co (BVI), Ltd., the registered agent for service for Devonshire Technologies (BVI) Ltd. and Bloomfield Investments Ltd.;

That by letter dated September 3, 2001, Mossack Fonseca & Co (BVI) Ltd. acknowledged receipt of the Notice of Lawsuit and Request for Waiver of Service of Process, along with the Verified Complaint of Forfeiture and Warrants of Arrest <u>In</u> <u>Rem</u>;

<u>CLAIMS AND ANSWERS</u>

That on August 27, 2001, Anne B. Pope, Commissioner and Receiver of Franklin American Life Insurance Company, filed a Claim, and on September 4, 2001, filed an Answer and Affirmative Defenses to the Verified Complaint of Forfeiture, and Counterclaim against the United States of America;

That on August 27, 2001, Scott B. Lakin, Director of the Mississippi Department of Insurance in Statutory Capacity as Liquidator of International Financial Services Life Insurance, filed a Claim, and on September 14, 2001, filed an Answer and Affirmative Defenses to the Verified Complaint of Forfeiture, and Counterclaim against the United States;

That on August 31, 2001, Mike Pickens, Receiver of Old Southwest Life Insurance, filed a Claim, and an Answer and Defenses to the Verified Complaint of Forfeiture;

---

[1]The United States Attorney's cost for advertising notice of this forfeiture action totals $8,599.50.

3

That on August 31, 2001, Carroll Fisher, Insurance Commissioner and Receiver for Farmers & Ranchers Life Insurance Company, filed a Claim, and on September 6, 2001, filed an Answer and Affirmative Defenses to the Verified Complaint of Forfeiture, and Counterclaim against the United States;

That on September 4, 2001, George Dale, Mississippi Commissioner of Insurance, filed a Claim, and on September 14, 2001, filed an Answer and Affirmative Defenses to the Verified Complaint of Forfeiture, and Counterclaim against the United States;

That on September 13, 2001, Peoples Benefit Life Insurance Company and Veterans Life Insurance Company filed a Verified Statement of Interest or Right and jury demand, and on October 1, 2001, filed an Answer to the Verified Complaint of Forfeiture;

That on September 17, 2001, Huff Cook, Inc., in the right and on behalf of Settlers Life Insurance Company, filed a Verified Statement of Interest or Right, and on October 1, 2001, filed an Answer to the Verified Complaint of Forfeiture;

## DEFAULTS

That on August 13, 2003, Bloomfield Investments (BVI) Ltd. and Devonshire Technologies (BVI) Ltd. were defaulted for failure to file a claim or answer or otherwise defend as provided for in Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure;

That on August 21, 2003, a default judgment was entered against Bloomfield Investments (BVI) Ltd. And Devonshire Technologies (BVI) Ltd., pursuant to Rule 55(b) of the Federal Rules of Civil Procedure;

STIPULATION OF DISMISSAL AND WITHDRAWAL OF CLAIMS
BY PEOPLES BENEFIT LIFE INSURANCE COMPANY,
VETERANS LIFE INSURANCE COMPANY, AND
HUFF COOK, INC. (SETTLERS LIFE INSURANCE COMPANY)

That the United States, Receiver-Claimants, and re-insurance companies, Peoples Benefit Life Insurance Company, Veterans Life Insurance Company, and Huff Cook, Inc./Settlers Life Insurance Company, entered into a Stipulation of Dismissal and Withdrawal of Claims by Peoples Benefit Life Insurance Company, Veterans Life Insurance Company, and Huff Cook, Inc., whereby the re-insurance companies agreed to be dismissed from the case, withdrew their Verified Statements of Interest or Right, filed with the Court on September 13, 2001 and September 19, 2001, asserting claims to the Currency Defendants, and consented to the entry of a decree of forfeiture in this case;

STIPULATION BETWEEN THE UNITED STATES
AND RECEIVER-CLAIMANTS

That the United States and the Receiver-Claimants entered into a Stipulation whereby the parties agreed that upon the Department of Justice's granting of the Receiver-Claimants' Petition for Remission pursuant to the Regulations Governing the Remission or Mitigation of Civil and Criminal Forfeiture, 28 C.F.R. §§ 9.1-9.9, the United States shall distribute to the Receiver-Claimants the following pro rata shares of the net proceeds of the above-referenced assets, less allowable costs, as follows:

| Claimant/Petitioner | Pro Rata Share of Net Proceeds |
|---|---:|
| Franklin Protective Life Insurance Company | 4.10% |
| Family Guaranty Life Insurance Company | 6.99% |

| Claimant/Petitioner | Pro Rata Share of Net Proceeds |
|---|---|
| Farmers and Ranchers Life Insurance Company | 2.30% |
| First National Life Insurance Company of America | 54.78% |
| Franklin American Life Insurance Company | 8.00% |
| Old Southwest Life Insurance Company | 1.75% |
| International Financial Services Life Insurance Company | 22.08% |

That the United States shall disburse to the Receiver-Claimants the accrued interest on the $3,241,500.00 seized by the Federal Bureau of Investigation (FBI) on the same pro rata basis set forth above; and

That payment of the accrued interest on the $29,035,500.00 seized by the Internal Revenue Service Criminal Investigation shall be governed by a separate order of this Court addressing the Receiver-Claimants' motion for payment of accrued interest;

Now, therefore, on motion of the Plaintiff, United States of America, for a Decree of Forfeiture, it is hereby

ORDERED, ADJUDGED AND DECREED that the default as to all persons having any right, title or interest in the defendants, $29,035,500.00 seized from the U.S. Customs Suspense Account at the Federal Reserve Bank of New York, which represents a wire transfer from account number 70026, at Banque SCS Alliance, Geneva, Switzerland, held in the name of Bloomfield Investments, Ltd., and $3,241,500.00 seized from the Seized Asset Deposit Fund at the Federal Reserve Bank, which represents a wire transfer from Banque SCS Alliance, Geneva, Switzerland, held in the name of Bloomfield Investments, Ltd., under seizure in this action be and is hereby entered herein;

ORDERED, ADJUDGED AND DECREED that the defendants, $29,035,500.00 seized from the U.S. Customs Suspense Account at the Federal Reserve Bank of New York, which represents a wire transfer from account number 70026, at Banque SCS Alliance, Geneva, Switzerland, held in the name of Bloomfield Investments, Ltd., and $3,241,500.00 seized from the Seized Asset Deposit Fund at the Federal Reserve Bank, which represents a wire transfer from Banque SCS Alliance, Geneva, Switzerland, held in the name of Bloomfield Investments, Ltd., be forfeited to the United States of America and disposed of in accordance with the Stipulation between the United States and the Receiver-Claimants; and it is further

ORDERED, ADJUDGED AND DECREED that the Court determines that there is no just reason for delay and it directs the Clerk to enter judgment based upon this Decree of Forfeiture as a final judgment for appeal purposes.

Dated at New Haven, Connecticut, this _____ day of October, 2007.

_____
HONORABLE ELLEN BREE BURNS
SENIOR UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

This is to certify that a copy of the within and foregoing proposed Decree of Forfeiture has been mailed, postage prepaid, this 18th day of October, 2007, to:

Douglas J. Schmidt, Esq.
Terrance Summers, Esq.
Blackwell Sanders Peper Martin, LLP
4801 Main Street, Suite 1000
Kansas City, MO 64112

Douglas S. Skalka, Esq.
Neubert, Pepe & Monteith
195 Church Street
New Haven, CT 06510

Graham Matherne, Esq.
Wyatt Tarrant & Combs
2525 West End Avenue, Suite 1500
Nashville, Tennessee 37203

Charles G. Copeland, Esq.
Copeland, Cook, Taylor & Bush, P.A.
1062 Highland Colony Parkway
P.O. Box 6020
Ridgeland, Mississippi 39157

Andrew B. Campbell
Wyatt, Tarrant & Combs
2525 West End Avenue, Suite 1500
Nashville, TN 37203

Susan Loving, Esq.
Lester, Loving and Davies
1701 South Kelly
Edmund, Oklahoma 73013

Steve A. Uhrynowycz, Esq.
Arkansas Insurance Department
1200 W. Third Street
Room 340
Little Rock, AR 72201-0104

James A. Lenes, Esq.
9 Grove Street
Ridgefield, CT 06877

Forrest B. Lammiman, Esq.
Brian I. Hays, Esq.
Randall Allan Hack, Esq.
Lord Bissell & Brook
115 South Lasalle Street
Suites 2600-3600
Chicago, IL 60603

David N. Rosen, Esq.
400 Orange Street
New Haven, CT 06511

_____
JULIE G. TURBERT
ASSISTANT U.S. ATTORNEY